J-S41038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARTY MOHOSKI, | |
| Appellant | No. 2180 MDA 2014 |

Appeal from the PCRA Order December 10, 2014
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0000712-2007

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 10, 2015**

Appellant, Marty Mohoski, appeals, *pro se*, from the court's dismissal of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On January 29, 2007 [Appellant] was involved in a verbal argument with Rita Osieki, his landlord and sometimes paramour, from whom he rented a room at 1044 Moss Street in the city of Reading, Pennsylvania.  The verbal argument eventually escalated into Appellant's protracted, vicious physical attack on Ms. Osieki that only ended when neighbors called the police and Appellant fled the scene.
>
> . . . After several years and various court-appointed lawyers, along with delays caused by Appellant's filing of

---

[*] Retired Senior Judge assigned to the Superior Court.

meritless motions and an interlocutory appeal, the case proceeded to trial on October 19, 2009. Appellant represented himself throughout the two-day jury trial, with the assistance of standby counsel. [On October 20, 2009, the jury convicted Appellant of aggravated assault, unlawful restraint, reckless endangerment, and two counts of simple assault, and the judge convicted Appellant of summary harassment.[1] The court sentenced Appellant to an aggregate term of not less than eight and one-half nor more than twenty-five years' incarceration.]

On October 2[7], 2009, Appellant was appointed appellate counsel, who filed an appeal on behalf of Appellant on or around November 17, 2009. Counsel for Appellant failed to file a brief, and accordingly the appeal was dismissed on January 13, 2011. Appellant filed an application for reconsideration of the dismissal with the Superior Court, which was denied on April 11, 2011. On May 17, 2011 [the trial] court granted Appellant's petition [for allowance of appeal] and allowed him to appeal *nunc pro* [*tunc*], granted his request to proceed *in forma pauperis*, and appointed new appellate counsel. New appellate counsel filed a [n]otice of [a]ppeal on June 7, 2011.

On January 23, 2012 Appellant's judgment of sentence was affirmed and on February 9, 2012 Appellant filed a *pro se* [PCRA petition]. Accordingly, [the PCRA] court appointed PCRA counsel Osmer Deming to assist Appellant in the disposition of his PCRA petition. . . .

(PCRA Court Opinion, 3/04/15, at 1-2).

On August 30, 2013, PCRA counsel filed a petition to withdraw as counsel with a supporting **Turner/Finley**[2] no merit letter. The PCRA court granted counsel's petition to withdraw on October 24, 2014.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2902(a)(1), 2705, 2701(a)(1) and (3), and 2709(a)(1), respectively.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On November 5, 2014, the PCRA court notified Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response on November 18, 2014.

The PCRA court dismissed the petition on December 10, 2014.[3] Appellant timely appealed on December 26, 2014.[4]

Appellant raises nine issues for our review:[5]

[1.] Did the trial court err in permitting Appellant to be tried without having the benefit of adequate time for preparation and subpoenaing of witnesses, with full knowledge that Appellant had received discovery information and casefile only [five] days prior to trial?

[2.] Did the trial court err in permitting highly prejudicial inferences by Commonwealth witnesses in front of the jury without giving cautionary/curative instruction?

_____

[3] We note that at the time Appellant filed his notice of appeal, the PCRA court's December 10, 2014 order had not been docketed. (**See** *Per Curiam* Order, 1/13/15, at 1). On February 3, 2015, this Court directed the PCRA court to enter the December 10, 2014 order on its docket. (**See** *Per Curiam* Order, 2/03/15, at 1). The PCRA court complied and "the January 13, 2015 show-cause order [was] discharged." (*Per Curiam* Order, 2/13/15, at 1) (emphasis and capitalization omitted). Therefore, we will deem the PCRA court's December 10, 2014 order as filed on that day. (**See** Docket, at 24); **see also** Pa.R.A.P. 905(5).

[4] Pursuant to the PCRA court's order, Appellant filed a timely Rule 1925(b) statement on January 14, 2015. The court entered its Rule 1925(a) opinion on March 4, 2015. **See** Pa.R.A.P. 1925.

[5] We have renumbered Appellant's issues for ease of analysis and disposition.

[3.] Did the Commonwealth's attorney commit instances of misconduct in the form of presenting false testimony, mis-stating [sic] facts, and urging the jury to draw inferences not supported by evidence at trial, and was Appellant prejudiced by these actions?

[4.] Did the [PCRA] court err in failing to appoint counsel on appeal from the [December 10, 2014] order [] dismissing Appellant's PCRA petition?

[5.] Did the [PCRA] court err in dismissing Appellant's PCRA petition without a hearing?

[6.] Was pre-trial and standby counsel William Bispels ineffective in failing to adequately meet and consult with Appellant, in failing to explore potential trial defenses, in failing to file any pre-trial motions, in ignoring exculpatory evidence, in failing to contact witnesses whose testimony would have been exculpatory in nature, in failing to request that the Commonwealth produce any evidence of record that Appellant had waived his [Pennsylvania Rule of Criminal Procedure] 600 rights at Appellant's Rule 600 hearing, and, as stanby [sic] counsel, failing to act as advocate and advise Appellant on requested points of law during trial?

[7.] Was appellate counsel Jay M. Nigrini ineffective in failing to raise and argue requested meritorious issues on appeal?

[8.] Was PCRA counsel ineffective in failing to comply with the standards set forth in *Finley*?

[9.] Was PCRA counsel ineffective in failing to investigate and develop the claims raised in Appellant's PCRA petition?

(Appellant's Brief, at vii-viii) (most capitalization omitted).

Our standard of review is well-settled:

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these

findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citations omitted).

In order to be eligible for PCRA relief, a petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3).

> . . . An issue is previously litigated if the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue. An issue is waived if appellant could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state post-conviction proceeding.

***Commonwealth v. Fears***, 86 A.3d 795, 803-04 (Pa. 2014) (citations and quotation marks omitted); ***see also*** 42 Pa.C.S.A. §§ 9543(a)(3) and 9544.

Furthermore, a PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543. Cognizable claims include constitutional violations and ineffectiveness of counsel that undermine the truth-determining process. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii).

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to

> examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In the first issue, Appellant claims that "the trial court err[ed] in permitting [him] to be tried without having the benefit of adequate time for preparation[.]" (Appellant's Brief, at 22) (most capitalization omitted). Specifically, he asserts that he was "denied his constitutional right to due process in that he was not afforded adequate time to prepare a defense and subpoena available witnesses . . . ." (*Id.* at 24). This issue is waived.

The record reflects that Appellant's assertion that the trial court failed to allow him adequate time to prepare for trial was not included in his direct appeal of his judgment of sentence. (*See Commonwealth v. Mohoski*, 1016 MDA 2011, unpublished memorandum at *5 (Pa. Super. filed Jan. 23, 2012) (identifying two issues on appeal: sufficiency of evidence and limitation on cross-examination of victim)). Accordingly, the first issue is waived. *See Fears*, *supra* at 803-04; 42 Pa.C.S.A. §§ 9543(a)(3) and 9544.

Moreover, his claim would not merit relief.

The PCRA court found that:

> On October 14, 2009 Appellant indicated to the [trial] court that, despite his frustrations with the process and with not

receiving discovery, he was ready to proceed to trial. The issue of inadequate preparation time does not appear to have been properly preserved by way of objection at the time of trial, and moreover it was not raised on direct appeal. . . . Appellant failed to demonstrate how he was prejudiced by the case proceeding to trial on [October] 19, 2009 . . . .

(PCRA Ct. Op., at 6; *see also* N.T. Hearing, 10/14/09, at 2-19). Upon review, we agree and conclude that the record supports the court's determination that "Appellant failed to raise a colorable claim [for PCRA] relief . . . ." (PCRA Ct. Op., at 6). Accordingly, we would find no abuse of discretion in the PCRA court's dismissal of this claim even were it not waived.

In the second issue, Appellant claims that "the trial court err[ed] in permitting highly prejudicial inferences [of his criminal record] by Commonwealth witness[, Police Officer Christopher Cortazzo,] in front of the jury without giving [a] cautionary [or] curative instruction[.]" (Appellant's Brief, at 24) (most capitalization omitted). This issue is waived.

The record reflects that Appellant's assertion that the trial court permitted Officer Cortazzo to testify about Appellant's prior criminal record without giving a cautionary or curative jury instruction was not included in his direct appeal of his judgment of sentence. (*See Mohoski*, *supra* at *5). Accordingly, the second issue is waived. *See Fears*, *supra* at 803-04; 42 Pa.C.S.A. §§ 9543(a)(3) and 9544.

Moreover, his claim would not merit relief.

The PCRA court found that:

. . . The issue[] of . . . improper witness statements . . . was [not] raised in his [direct] appeal (and [is] therefore waived) and . . . [was] not properly raised in his PCRA [p]etition. . . . [T]he proper issue in the PCRA would have been whether trial counsel was ineffective for failing to object to the complained-of behavior[]. Because Appellant represented himself at the trial, he is barred from asserting his own ineffectiveness. . . . Appellant failed to establish that he was prejudiced . . . by any inferences from witness statements.

(PCRA Ct. Op., at 7) (footnote omitted). Upon review, we agree and conclude that the record supports the court's determination that Appellant's claim of improper witness statements is not properly the subject of a PCRA petition. Accordingly, we would find no abuse of discretion in the PCRA court's dismissal of this claim even were it not waived.

In the third issue, Appellant claims "prosecutorial misconduct," (Appellant's Brief, at 25), for "permitting false testimony, mis-stating [sic] facts not supported by the record, and overreaching at trial . . . ." (*Id.* at 26). This issue is waived.

The record reflects that Appellant's assertion of prosecutorial misconduct was not included in his direct appeal of his judgment of sentence. (*See Mohoski*, *supra* at *5). Accordingly, the third issue is waived. *See Fears*, *supra* at 803-04; 42 Pa.C.S.A. §§ 9543(a)(3) and 9544.

Moreover, his claim would not merit relief.

The PCRA court found that:

. . . The issue[] of prosecutorial misconduct . . . was [not] raised in his [direct] appeal (and [is] therefore waived) and . . . [was] not properly raised in his PCRA [p]etition. . . . [T]he

proper issue in the PCRA would have been whether trial counsel was ineffective for failing to object to the complained-of behavior[]. Because Appellant represented himself at the trial, he is barred from asserting his own ineffectiveness. . . . Appellant failed to establish that he was prejudiced by any of the alleged prosecutorial misconduct . . . .

(PCRA Ct. Op., at 7 (footnote omitted); *see also* Rule 907 Notice, 11/05/14, at 7-8 (finding no prosecutorial misconduct)). Upon review, we agree and conclude that the record supports the court's determination that Appellant's claim of prosecutorial misconduct is not properly the subject of a PCRA petition. Accordingly, we would find no abuse of discretion in the PCRA court's dismissal of this claim even were it not waived.

In the fourth issue, Appellant claims that the PCRA court erred in not appointing counsel for the instant appeal "and, as a result, [he] is forced to proceed *pro se* or waive his appellate rights." (Appellant's Brief, at 1). This issue lacks merit.

It is well-settled that:

[W]hen counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in **Turner**, new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183 n.1 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (quoting **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa. Super. 1989)).

Here, the record reflects that the PCRA court appointed counsel to assist Appellant with his first *pro se* PCRA petition on February 16, 2012. On August 30, 2013, PCRA counsel filed a petition to withdraw as counsel with a supporting **Turner/Finley** no merit letter. The PCRA court granted counsel's petition to withdraw on October 24, 2014. Accordingly, because Appellant is not entitled to appointed counsel for the instant appeal, we conclude that the PCRA court properly denied Appellant's request for representation. **See Rykard**, **supra** at 1183. This issue lacks merit.

In the fifth issue, Appellant claims that the PCRA court erred in dismissing his petition without a hearing because the other eight issues have merit. (**See** Appellant's Brief, at 2-8). We disagree.

The record reflects that the PCRA court certified that it reviewed the record and agreed with counsel's no-merit letter. (**See** Rule 907 Notice, 11/05/14, at 1, 3; PCRA Ct. Op., at 5). Furthermore, the court issued its own substantive opinion on each issue. (**See** Rule 907 Notice, 11/05/14, at 1-8; PCRA Ct. Op., at 4-7). Accordingly, on our independent review of the record, we conclude that there is no support for the claims and the PCRA court properly determined that Appellant is not entitled to a hearing. **See Miller**, **supra** at 992. This issue lacks merit.

Appellant claims in the remaining four issues that he received ineffective assistance of counsel. (**See** Appellant's Brief at 8-22, 29-31). We disagree.

It is well-settled that "[a] criminal defendant has the right to effective counsel . . . ." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Counsel is presumed effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). A PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***See Strickland v. Washington***, 466 U.S. 668, 687 (1984). Pennsylvania has further refined the ***Strickland*** test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. ***See Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the ineffective assistance of counsel test will require rejection of the claim. ***See Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

In the sixth issue, Appellant claims that:

> . . . [P]re-trial and standby counsel William Bispels [was] ineffective in failing to adequately meet and consult with [him], . . . explore potential trial witnesses, . . . contact witnesses whose testimony would have been exculpatory, . . . request that the Commonwealth produce any evidece [sic] of record that Appellant had waived his Rule 600 rights[,] . . . and . . . act as advocate and advise Appellant . . . during trial[.]

- 11 -

(Appellant's Brief, at 19) (most capitalization omitted).[6] We disagree.

"A criminal defendant who knowingly and intelligently waives his right to counsel so that he may represent himself at trial may not later rely upon his own lack of legal expertise as a ground for a new trial." **Commonwealth v. Bryant**, 855 A.2d 726, 736 (Pa. 2004) (citations omitted). Further, "[t]he law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness. The fact that standby counsel was appointed to assist Appellant does not alter this conclusion." **Commonwealth v. Fletcher**, 986 A.2d 759, 773 (Pa. 2009) (citations omitted).

Here, the record reflects that Appellant "went through a series of lawyers, but ultimately represented himself at trial[,]" (Rule 907 Notice, 11/05/14, at 2). On May 13, 2009, the trial court appointed Attorney Bispels as conflict counsel. On July 10, 2009, Appellant waived his right to counsel. (**See** Waiver of Counsel, 7/13/09, at 1-2; Order, 7/14/09, at 1). Thereafter, Appellant proceeded to represent himself at trial and sentencing with Attorney Bispels as standby counsel. (**See** Appellant's Brief, at ix, xi-xii, 2, 21; PCRA Ct. Op., at 2, 6; N.T. Trial, 10/19/09, at 1; N.T. Sentencing Hearing, 10/22/09, at 1). We note, Appellant acknowledges that "he is well

---

[6] We note that Appellant has abandoned his claim of Attorney Bispels' ineffectiveness for "failing to file any pre-trial motions[.]" (Appellant's Brief, at vii; **see id.** at 19-22).

- 12 -

aware that he cannot raise claims of his own ineffectiveness[.]" (Appellant's Brief, at 11; *see id.* at 16).

Based on the foregoing, we conclude that:

> Because appellant waived his right to counsel and asserted his right to self-representation, which was honored after a colloquy, he may not rely upon his own lack of expertise as a ground for relief, and consequently, we will not consider any ineffectiveness claims that arise from the period of self-representation.

*Bryant*, *supra* at 737 (citations omitted). Therefore, Appellant is not entitled to relief for any issues that implicate his self-representation. *See id.* at 739.

However, Attorney Bispels represented Appellant for two months as conflicts counsel. Thus, Appellant's assertion that Attorney Bispels was ineffective for failing to request evidence of his Rule 600 waiver does not implicate his self-representation and is reviewable. *See id*.

The record reflects that Attorney Bispels filed a Rule 600 motion on July 7, 2009. (*See* Rule 600 Motion, 7/07/09). On July 10, 2009, Appellant waived his Rule 600 "speedy trial rights[.]" (Order, 7/13/09, at 1). Furthermore, Appellant acknowledges that a hearing was held on July 10, 2009 and he "waived his Rule 600 rights . . . ." (Appellant's Brief, at 21). Because the record confirms that Appellant acknowledges that he waived his Rule 600 rights, Attorney Bispels could not be ineffective for failure to request evidence of his Rule 600 waiver.

Accordingly, Appellant has failed to meet the arguable merit prong of the ***Pierce*** test and we find no abuse of discretion in the PCRA court's dismissal of this claim. This issue lacks merit.

In the seventh issue, Appellant claims ineffectiveness of appellate counsel, Jay M. Nigrini, in failing to raise all his requested issues on direct appeal. (***See*** Appellant's Brief, at 29-31). Specifically, he asserts that appellate counsel was ineffective for not raising the following requested issues: sufficiency of the evidence for aggravated assault, Rule 600 motion denial, inadequate preparation time, prosecutorial misconduct, and the cumulative effect of the issues. (***See id.*** at 30). We disagree.

The record reflects that appellate counsel raised sufficiency of the evidence in Appellant's direct appeal. (***See Commonwealth v. Mohoski***, 1016 MDA 2011, unpublished memorandum at *5 (Pa. Super. filed Jan. 23, 2012) (finding sufficient evidence to sustain aggravated assault conviction)). Therefore, this claim was previously litigated. In the instant appeal, we have found no merit to Appellant's claims of the Rule 600 motion denial, inadequate preparation, and prosecutorial misconduct. Therefore, his claim of cumulative error fails. ***See Commonwealth v. Rolan***, 964 A.2d 398, 411 (Pa. Super. 2008) (finding cumulative claim lacks merit where defective individual assertions).

Based on the foregoing, we conclude that Appellant has failed to meet the arguable merit prong of the ***Pierce*** test and we find no abuse of discretion in the PCRA court's dismissal of this claim. This issue lacks merit.

In the eighth issue, Appellant claims ineffectiveness of PCRA counsel because he "fail[ed] to comply with the standards set forth under **Finley**[.]" (Appellant's Brief, at 8) (most capitalization omitted). Specifically, he asserts that "PCRA counsel clearly failed to list and address each of the [] allegations [raised in the PCRA petition] in his 'no merit' letter . . . ." (**Id.**). This issue is waived.

It is well-settled that:

> If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument. . . .
>
>> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

**Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007) (citations omitted).

Here, the record reflects that Appellant's Rule 1925(b) statement asserts that "PCRA counsel [was] ineffective in failing to comply with the standards set forth in **Finley**[.]" (Rule 1925(b) Statement, 1/14/15, at 1 ¶ 3) (most capitalization omitted).

The PCRA court properly found that "[w]ithout [] a more specific assertion of error we are unable to meaningfully address this issue." (PCRA

Ct. Op., at 6); *see also Reeves*, *supra* at 2. Therefore, this issue is waived.

Moreover, his claim would not merit relief.

The record reflects that PCRA counsel filed a proper ***Turner/Finley*** no merit letter addressing each of Appellant's claims on August 30, 2013. (***See*** No-Merit Letter, 8/30/13, at 3-22). Accordingly, there is no arguable merit to Appellant's ineffectiveness of PCRA counsel claim. Therefore, Appellant has failed to meet the arguable merit prong of the ***Pierce*** test and we would find no abuse of discretion in the PCRA court's dismissal of this claim even were it not waived.

In the final issue, Appellant claims ineffectiveness of PCRA counsel "in failing to investigate and develop Appellant's claims raised in his PCRA petition[.]" (Appellant's Brief, at 9) (most capitalization omitted). Specifically, he asserts that "PCRA counsel fail[ed] to discern why the claims lack merit." (***Id.*** at 10). This issue is waived.

The record reflects that Appellant's Rule 1925(b) statement asserts that "PCRA counsel [was] ineffective in failing to investigate and develop the claims raised in [his] PCRA petition[.]" (Rule 1925(b) Statement, 1/14/15, at 1 ¶ 4) (most capitalization omitted).

The PCRA court properly found that "[w]ithout [] a more specific assertion of error we are unable to meaningfully address this issue." (PCRA Ct. Op., at 6); *see also Reeves*, *supra* at 2. Therefore, this issue is waived.

Moreover, his claim would not merit relief.

The record reflects that PCRA counsel filed a proper **Turner/Finley** no merit letter addressing each of Appellant's claims on August 30, 2013. (**See** No-Merit Letter, 8/30/13, at 3-22). Accordingly, there is no arguable merit to Appellant's ineffectiveness of PCRA counsel claim. Therefore, Appellant has failed to meet the arguable merit prong of the **Pierce** test and we would find no abuse of discretion in the PCRA court's dismissal of this issue even were it not waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015