J-S69040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TARIK NAHILA, | |
| Appellant | No. 863 EDA 2015 |

Appeal from the PCRA Order of February 19, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003063-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 29, 2015**

Appellant, Tarik Nahila, appeals from the order entered on February 19, 2015, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On March 19, 2012, police responded to a domestic assault in Upper Darby Township.  When they arrived, the victim was on the floor in a pool of blood.  She sustained multiple lacerations to her face, neck, chest and arms that required surgery.  On the way to the hospital, the victim identified Appellant as her attacker.  On November 1, 2013, Appellant entered into a negotiated plea wherein Appellant pled *nolo contendere* to criminal attempt homicide and the Commonwealth agreed to dismiss 10 additional attendant charges.  The trial court accepted the plea and

sentenced Appellant to 10 ½ to 25 years of imprisonment. Appellant did not file a direct appeal.

On October 2, 2014, Appellant filed a *pro se* PCRA petition. On October 3, 2014, the PCRA court appointed counsel. On January 13, 2015, appointed counsel petitioned to withdraw and filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), concluding that the issues Appellant raised in his *pro se* petition lacked merit and that there were no additional errors worthy of independent review. On January 15, 2015, the PCRA court entered an order granting counsel's application to withdraw. On the same day, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 13, 2015, Appellant filed a *pro se* objection to the dismissal of his PCRA petition. On February 19, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition.[1] This timely appeal followed.[2]

---

[1] We note the order dismissing Appellant's petition without a hearing stated the following:

> Defendant is advised that he has 30 days from the date this Order is docketed to file an appeal to the Superior Court. Your court appointed PCRA counsel is not required to represent you on that appeal. **You will have to request that [the] Superior Court appoint new counsel for you if you wish to be represented by counsel**.

*(Footnote Continued Next Page)*

On March 26, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a *pro se* request for an extension of time to file his Rule 1925(b) statement, claiming he was seeking legal assistance from a fellow inmate who suffered a heart attack. The PCRA court granted Appellant an extension to file his concise Rule 1925(b) statement until May 28, 2015. Appellant, however, did not file a Rule 1925(b) statement. On July 22, 2015, the PCRA court issued an opinion pursuant to Pa.R.A.P.

*(Footnote Continued)* ———————

PCRA Court Order, 2/19/2015, at ¶ 2 (emphasis added). We have previously held that "when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in **Turner**, new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be." **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa. Super. 1989), *cited with approval*, **Commonwealth v. Jette**, 23 A.3d 1032, 1042 (Pa. 2011) (where appointed post-conviction counsel has been permitted to withdraw, on the basis of a **Turner/ Finley** letter, "the appointment of second counsel ... is unnecessary and improper."). While Appellant initially requested counsel in his notice of appeal, he has since proceeded *pro se* and has not complained of lack of representation.

[2] The PCRA court denied Appellant's PCRA petition on February 19, 2015. The Clerk of Courts sent Appellant a copy of that order by first class mail on February 23, 2015. Pa.R.A.P. 108(a)(1) (day of entry of the order shall be the day the clerk of courts mails or delivers copies of the order to the parties). Thus, Appellant had 30 days, from February 23, 2015, to file a notice of appeal. Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days of the entry of the order from which the appeal is taken). Appellant filed a timely *pro se* notice of appeal on March 25, 2015.

1925(a), concluding Appellant waived all issues for appeal by failing to file an ordered Rule 1925(b) statement.

On appeal, Appellant presents the following issues, *pro se*, for our review:

    A. Was the lower court in err[o]r for not appointing an interpreter to [A]ppellant long before his colloquy hearing?

    B. Was appointed counsel ineffective for not calling witnesses who would have made a difference for a bench or jury trial for [A]ppellant?

    C. Did appointed counsel mislead [A]ppellant as to giving a guilty plea to the colloquy hearing unknowingly, unwillingly and unintelligently only following what [A]ppellant thought he understood from his appointed counsel?

Appellant's Brief, at 1.

We are unable to address Appellant's issues because he has not properly preserved them. We recently stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements[.] ... We yet again repeat the principle ... that must be applied here: [I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived. ***Commonwealth v. Hill****,* 16 A.3d 484,

494 (Pa. 2011) (citation and quotation marks omitted); ***see also Commonwealth v. Elia***, 83 A.3d 254, 263 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014) (waiving and declining to review Appellant's claim for failure to include it in Rule 1925(b) statement).

Here, Appellant failed to file a court-ordered Rule 1925(b) statement. It has long been recognized that, '[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.' ***Commonwealth v. Postie***, 110 A.3d 1034, 1041 n. 8 (Pa. Super. 2015) (citation omitted). Therefore, because Appellant failed to file a Rule 1925(b) statement, his issue is waived.

***Commonwealth v. Beatty***, 2015 WL 7737716, at *1-2 (Pa. Super. 2015).

This same principle applies to the instant case and Appellant's issues on appeal are waived.

Finally, we note that, on October 26, 2015, Appellant filed with this Court a motion for an extension of time in which to file an objection to the Commonwealth's brief. Because Appellant waived all of his issues on appeal, we deny his request for an extension to file a response to the Commonwealth's brief.

Order affirmed. Appellant's motion for extension denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/29/2015</u>