J-S62005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID ANTONIO RUFFIN | |
| Appellant | No. 378 MDA 2016 |

Appeal from the PCRA Order January 21, 2016
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000023-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                     **FILED AUGUST 17, 2016**

David Antonio Ruffin ("Appellant") appeals from the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  Having reviewed the record and determined that the PCRA court did not expressly state that it was permitting counsel to withdraw, although it reviewed PCRA counsel's **Turner/Finley**[1] no-merit letter filed contemporaneously with counsel's motion to withdraw and allowed Appellant to proceed *pro se* after issuing its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing ("Notice of Intent to Dismiss"), we remand for a determination of counsel's status.

_____

[1]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

On April 6, 2015, Appellant pleaded guilty to institutional vandalism,[2] resisting arrest,[3] retail theft,[4] and disorderly conduct.[5] Appellant's counsel filed a petition for appeal bail, which the trial court denied. On May 20, 2015, the trial court sentenced Appellant to pay a fine of $50.00 for the retail theft and an aggregate sentence of eight to thirty months' incarceration on the other convictions.[6] Appellant did not file a direct appeal.

On July 23, 2015, Appellant filed a timely PCRA petition.[7] The Commonwealth filed its answer to the petition on September 1, 2015. On

_____

[2] 18 Pa.C.S. § 3307.

[3] 18 Pa.C.S. § 5104.

[4] 18 Pa.C.S. § 3929.

[5] 18 Pa.C.S. § 5503.

[6] Specifically, the trial court sentenced Appellant to consecutive sentences of three to twelve months' incarceration for the institutional vandalism conviction, three to twelve months' incarceration for the resisting arrest conviction, and two to six months' incarceration for the disorderly conduct conviction. Each sentence was a standard range sentence.

[7] The allegations contained within Appellant's PCRA petition included, in their entirety:

> I never spit on nobody. I never caused any damage to Carbondale Police Station nor threw ceiling panels at officers. I only attempted to steal one bag of chips, I payed [sic] for the rest.

> I have never escaped from any institution.

*(Footnote Continued Next Page)*

October 22, 2015, appointed PCRA counsel filed a **Turner/Finley** no-merit letter in which he indicated there were no meritorious issues, together with a motion to withdraw appearance. On December 8, 2015, the PCRA court filed its Notice of Intent to Dismiss,[8] to which Appellant responded on December 28, 2015. On January 21, 2016, the PCRA court dismissed the petition, but did not rule on counsel's motion to withdraw. On February 11, 2016, Appellant filed a timely *pro se* notice of appeal. Appellant and the PCRA court thereafter complied with Pa.R.A.P. 1925.[9]

In his *pro se* brief, filed with this Court on May 19, 2016, Appellant raises the following issues for review:

> 1. Whether the representation afforded to appellant was defective when his attorney erred in putting no effert into appellant bail reduction petition, when counsel was first afforded to appellant.

*(Footnote Continued)* ──────────────

> I need a different attorney. He failed to file motion of reconsideration, and the plea bargain, for time served.

PCRA Petition, p. 4.

[8] In its Notice of Intent to Dismiss, the PCRA court rephrased Appellant's issues as (1) an assertion "that the description of the crimes alleged by the Commonwealth is incorrect, and [(2)] that [Appellant] was promised a sentence of time served but did not receive it." Notice of Intent to Dismiss, p. 2. The PCRA court further acknowledged that Appellant attempted to raise an illegal sentence claim in response to appointed counsel's **Turner/Finley** letter. **See id.**

[9] The PCRA court's Pa.R.A.P. 1925(a) opinion, filed April 7, 2016, adopts the reasoning contained in the court's December 8, 2015 Notice of Intent to Dismiss as its 1925(a) opinion.

2. Whether appellant's plea of guilty was unconstitutional when the court and my (appellant) attorney erred in not informing me the true nature of the charges against me, not providing me with the correct statute description(s).

3. Whether the representation afforded to appellant was defective in not investigating and or performing certain pretrial functions.

4. Whether representation afforded to appellant was defective when attorney erred in introducing appellant's mental health evaluation, misconduct's received at Lackawanna county prison, and out-of-state warrants.

5. Whether representation afforded to appellant was defective when attorney erred in not objecting to the admissibility of appellant's misconduct's received at Lackawanna county prison (LCP), the colored uniform used to designated RHU (restricted housing unit) status, out-of-state warrants, mental health evaluation, and district attorney introducing details of the case that were not in the affidavit.

6. Whether my plea of guily was unconstitutional when the trial court erred in allowing me (appellant) to continue entering my plea of guilty accepting my plea of guilty after representation afforded to me yell at me, using double entendre that ment to me a threat after the trial court asked me did I pull down ceiling tille panels in the Carbondale Police Station bathroom.

7. Whether my conviction was based upon evidence the prosecution and my attorney knew or should have known was false.

8. Whether attorney afforded to appellant was defevtive and ineffective when attorney erred in not filing an appeal although appellant would have wanted to file one.

9. Whether appellant was denied his Eighth Amendment right to be free from excessive fines, costs, and cruel and unusual punishment

10. whether the trial court erred in sentencing appellant outside the standard and aggravated ranges of appellant's guidelines and did not state valid reason for aggravated sentence.

Appellant's Brief, Statement of Questions Presented[10] (verbatim).

Initially, despite the fact the PCRA court allowed Appellant to proceed *pro se* following the Notice of Intent to Dismiss, neither the Notice of Intent to Dismiss nor the order dismissing Appellant's PCRA petition expressly state that counsel was allowed to withdraw. Accordingly, the record is unclear whether the PCRA court permitted PCRA counsel to withdraw.

Appellant is entitled to counsel on a first PCRA petition, including any appeal. *See* Pa.R.Crim.P. (904)(F)(2); **Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa.Super.2011); **Commonwealth v. Robinson**, 970 A.2d 455 (Pa.Super.2009). If the PCRA court permits withdrawal of counsel based on the filing of a **Turner**/**Finley** no-merit letter, then the PCRA court need not appoint new counsel. **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa.Super.1989). Further, long-standing policy prohibits hybrid representation in the courts of the Commonwealth. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa.2011).

Our Supreme Court has explained:

When, in the exercise of his professional judgment, counsel determines that the issues raised under the [PCRA] are meritless, and when the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed *pro se*, or by privately retained counsel, or not at all.

---

[10] Appellant does not begin numbering his brief until the Argument section.

*Commonwealth v. Turner*, 544 A.2d 927, 928–29 (Pa.1988).

Here, the record evinces that the PCRA court concurred with counsel's assessment regarding Appellant's PCRA issues; thus it would appear to be a mere formality that the PCRA court did not include in the Notice of Intent to Dismiss or its final order that it granted counsel's request to withdraw. However, because this is Appellant's first PCRA petition, and because no order was contained within the record expressly authorizing counsel's withdrawal, out of an abundance of caution, we remand to the PCRA court for a determination as to counsel's current status in the case within 30 days of the date of this decision.

Case remanded. Jurisdiction retained.