J-S73020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND EARL TAFT | |
| Appellant | No. 254 WDA 2016 |

Appeal from the PCRA Order December 18, 2015
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000019-2014

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 21, 2016**

Raymond Earl Taft appeals, *pro se*, from the order entered in the Court of Common Pleas of Warren County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

On April 14, 2014, Taft pled guilty to failure to comply with registration of sexual offenders.[1]  On May 30, 2014, the trial court sentenced him to a mandatory term of 36 months' imprisonment, plus fines and costs.  Taft did not file post-sentence motions or a direct appeal.

On March 2, 2015, Taft filed a timely first PCRA petition, in which he alleged that trial counsel was ineffective for "instructing [him] to enter a

_____

[1] 18 Pa.C.S.A. § 4915.1(a)(2).

guilty plea to an illegal sentence" where counsel never investigated whether Taft was reevaluated to determine if he was still a sexually violent predator. The PCRA court appointed counsel and, on June 22, 2015, counsel filed a motion to withdraw accompanied by a **Turner**/**Finley**[2] letter, concluding that there existed no arguably meritorious issues to argue on Taft's behalf. On August 3, 2015, the PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Taft's petition. After the PCRA court granted him an extension of time to file his response to the Rule 907 notice, Taft filed a "Motion To Deny Appointment of PCRA Counsel's No-Merit Letter & Court's 907" and, on December 18, 2015, the PCRA court dismissed Taft's petition.

This timely appeal follows, in which Taft raises the following claims, *verbatim*:[3]

1. Did lower court erred for failure to appoint new PCRA counsel for [Taft's] first PCRA petition for his appeal?

2. Was trial counsel ineffective for instructing [Taft] to enter an illegal sentence as a repeated offender of a[n] under age child[?]

3. Was PCRA counsel ineffective once [Taft] sent counsel newly discovered evidence that he was a repeated sex offender which was untrue [and] required PCRA counsel to investigate?

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] The Commonwealth did not file a brief in this matter.

4. Was PCRA counsel ineffective for failure to challenge whether [Taft] should have been evaluated to ascertain if he is no longer a sexually violent predator?

Brief of Appellant, at 2-5 (renumbered for ease of disposition).

We begin by noting our scope and standard or review:

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations and quotation marks omitted).

Taft first asserts that the PCRA court erred in failing to appoint new counsel to pursue his appeal from the denial of his PCRA petition after counsel was granted leave to withdraw. In support of his claim, Taft relies upon Pa.R.Crim.P. 904, which provides, in relevant part, as follows:

[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(c). Taft also cites Pa.R.Crim.P. 122, which provides that "the appointment shall be effective until final judgment, including any proceedings on direct appeal." Pa.R.Crim.P. 122(b)(2). Under the circumstances of this case, however, Taft is not entitled to new counsel.

This Court has previously held that

when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in [*Turner* /*Finley*], new counsel shall not be appointed and the petitioner, or appellant must thereafter look to his or her own resources for whatever further proceedings there might be.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 n.1 (Pa. Super. 2012), quoting *Commonwealth v. Maple*, 559 A.2d 953, 956 (Pa. Super. 1989).

Here, PCRA counsel was permitted to withdraw pursuant to *Turner*/*Finley* after reviewing the record and concluding that no arguably meritorious claims existed. Accordingly, Taft is not entitled to the appointment of new counsel to pursue his PCRA appellate claims and must, instead, look to his own resources to retain new counsel, or proceed *pro se*, as he has done here. *See id.* As such, Taft's first claim is meritless.

Next, Taft asserts that his plea counsel was ineffective for "instructing" him to plead to an illegal sentence.[4] Taft claims that his sentence, including a mandatory minimum of three years, was based upon an incorrect record which showed that he was "convicted in the state of Michigan as a habitual offender of a child 13 under age which was not true." Brief of Appellant, at 4. He claims counsel was ineffective for failing to obtain the correct information as to his Michigan conviction. Taft is entitled to no relief.

_____

[4] We note that Taft did not "plead" to a sentence. Rather, he entered an open plea of guilty to the offense of failure to comply with registration of sexual offenders. Taft's sentence was not negotiated and was left to the discretion of the trial court.

When asserting a claim of ineffective assistance of counsel, an appellant is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kelley**, 136 A.3d 1007, 1012 (Pa. Super. 2016). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Id.** Moreover,

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

**Id.** at 1012-13 (internal citations and formatting omitted).

Here, Taft is a lifetime sex offender registrant who committed a felony of the second degree[5] by failing to comply with registration requirements pursuant to 18 Pa.C.S.A. § 4915.1(a)(2). Specifically, Taft did not provide the Pennsylvania State Police with his current residential address upon moving to the state of Michigan. *See* N.T. Guilty Plea, 4/14/14, at 12. This offense carries a mandatory minimum sentence of three years under 42 Pa.C.S.A. § 9718.4(a)(1)(iii).[6] Taft received a sentence of three to ten years' imprisonment, which was within the statutory range and therefore not illegal.[7]

_____

[5] *See* 18 Pa.C.S.A. § 4915.1(c)(1).

[6] Section 9718.4(a)(1)(iii) provides, in relevant part, as follows:

> § 9718.4. Sentence for failure to comply with registration of sexual offenders
>
> (a) Mandatory sentence.--Mandatory sentencing shall be as follows:
>
> (1) Sentencing upon conviction for a first offense shall be as follows:
>
> . . .
>
> (iii) Not less than three years for an individual who: (A) is subject to section 9799.13 and must register for a period of 25 years or life under section 9799.15 or a similar provision from another jurisdiction; and (B) violated 18 Pa.C.S. § 4915.1(a)(1) or (2).

42 Pa.C.S.A. § 9718.4

[7] A felony of the second degree carries a maximum penalty of not more than ten years. *See* 18 Pa.C.S.A. § 1103(2).

Moreover, Taft's plea was clearly entered knowingly and voluntarily and his claim regarding an incorrect prior record is belied by his statements at sentencing.

At Taft's guilty plea hearing, the trial court engaged in a lengthy colloquy with Taft prior to the entry of his plea. After confirming that he could read and understand English and that he was not under the influence of drugs or alcohol, Taft stated that he was entering his plea of his own free will. *See* N.T. Guilty Plea, 4/14/14, at 8. Taft confirmed that no one had made any promises to him regarding the length of his sentence and that he had not been threatened or coerced into pleading guilty. *Id.* at 9-10. Taft stated that he was satisfied with his counsel's advice and that he believed counsel to be competent and effective. *Id.* at 10-11.

Subsequently, at sentencing, the court thoroughly colloquied Taft regarding his post-sentence rights. Taft's counsel advised the court that the parties had originally believed that Taft would be subject to a two-year mandatory minimum but, based upon information received from the Warren County Probation Department, they determined he was actually subject to a three-year mandatory minimum. Counsel indicated he had discussed this new information with Taft that that Taft still wished to proceed with his plea and be sentenced. The court then engaged in the following discussion with Taft:

> THE COURT: Mr. Taft, I just wanted to explain to you that you had a charge from Michigan –

THE DEFENDANT:  Yes.

THE COURT:  -- that was before the [c]ourt . . . as a consideration.  The District Attorney initially gave you notice of a two-year statutory mandate in terms of sentencing.

But, when the age of the victim was discovered, it became a three year, you are a Tier III offender and a 25 year or lifetime registrant for that reason.  That increased it, the mandatory minimum.

And, nonetheless, do you want to continue with sentencing?  You have a right to withdraw your plea.  Do you understand that?

THE DEFENDANT:  I understand that.  I understand that fully, your Honor.  I would like to commence to sentencing, please.

. . .

THE COURT:  And in terms of the change, you, again, I will advise you one last time, you have the right to withdraw your plea.  Do you wish to do that?

THE DEFENDANT: No.  No.  It's, it's.

THE COURT:  All right.  Okay.  In terms of the post-sentence rights, **was the information factually correct in terms of your prior record?**

THE DEFENDANT:  **Yes.  Yes, it was.  I went through it thoroughly**.

*Id.* at 7-8, 10 (emphasis added).

Taft very clearly indicated at sentencing that his prior record was factually correct.  He cannot now assert that it was incorrect simply because he is dissatisfied with the sentence he received.  ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003), citing ***Commonwealth v. Cappelli***, 489 A.2d 813, 819 (Pa. Super. 1985) (defendant may not challenge his guilty plea by asserting he lied while under oath, even if he avers that counsel induced his lies).

- 8 -

Moreover, to the extent that Taft is claiming that information regarding his prior record constitutes newly discovered evidence, the claim must fail. To obtain relief based upon newly-discovered evidence under the PCRA, a petitioner must establish, *inter alia*, that the evidence was discovered after trial and could not have been obtained at or prior to trial through reasonable diligence <u>and</u> it would likely compel a different verdict. **Commonwealth v. Washington**, 927 A.2d 586, 595–96 (Pa. 2007). Here, Taft's "newly discovered" evidence consists of a *nolle prosequi* order dated May 17, 1993, indicating that the State of Michigan was dropping the charge of first-degree criminal sexual conduct, with an attendant enhancement for being an habitual offender, in exchange for Taft's plea to second-degree criminal sexual conduct. It defies credulity to argue that a more than twenty-year-old document relating to Taft's own prior criminal history could not, with the exercise of reasonable diligence, have been discovered prior to his trial. In addition, Taft fails to explain how the introduction of this document would have compelled a different verdict.[8]

_____

[8] We note that Taft is also simply incorrect that the document indicates that he is an habitual sex offender. **See** Brief of Appellant, at 3 ("The prosecuting official stated that appellant 'Taft' was a habitual sex offender of a person under age 13. The appellant object[s] to that report which is untrue.") In fact, the purpose of the document is to *nolle prosequi* an habitual offender charge.

For the foregoing reasons, and because Taft's sentence is, in fact, not illegal, Taft's claim regarding the alleged ineffectiveness of plea counsel is without merit.

Taft's final two claims involve alleged ineffectiveness on the part of PCRA counsel. First, Taft asserts that PCRA counsel was ineffective for failing to investigate the "newly discovered evidence" regarding his prior record. For the same reasons discussed *supra*, Taft is entitled to no relief.

Lastly, Taft claims that PCRA counsel was ineffective for failing to challenge whether Taft should have been reevaluated to ascertain whether he remains a sexually violent predator ("SVP"). In support of this claim, Taft relies on this Court's decision in *Commonwealth v. Haughwart*, 837 A.2d 480 (Pa. Super. 2003), in which we addressed a sufficiency claim related to the appellant's initial classification as a SVP. The portion of the opinion cited by Taft details the process by which an individual is evaluated and determined to be (or not to be) an SVP. It does not address a pre-existing registrant's right to periodic reevaluation; indeed, such a right does not exist. In any event, Taft does not assert that he requested that counsel file a petition for reevaluation and that counsel failed to comply. Accordingly, this claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016