550 A.2d 1345

**COMMONWEALTH of Pennsylvania**

v.

**Norman WHALEY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 11, 1988.

Filed Dec. 6, 1988.

George H. Newman, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before TAMILIA, MONTGOMERY and HOFFMAN, JJ.

TAMILIA, Judge:

This appeal is from a denial of a PCHA petition and involves PCHA counsel's motion to withdraw on the grounds that the appeal is frivolous. Following an initial Order from the panel granting counsel's petition to with-

draw, but remanding for appointment of new counsel, we now affirm that portion of our September 6, 1988 Order which granted counsel's petition to withdraw but reverse that portion remanding for appointment of new counsel to proceed with appellant's appeal on his post-conviction relief action.

The area of collateral appeals in criminal actions has recently undergone substantial review by the United States Supreme Court, the Pennsylvania Supreme Court and our own Court.

In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the United States Supreme Court reversed the judgment of the Pennsylvania Superior Court which had required an *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), type procedure for withdrawal of counsel and appointment of new counsel. The Supreme Court held: 1) the Superior Court improperly relied on the United States Constitution to extend *Anders* procedures to post-conviction proceedings; 2) the state law providing indigent prisoners the right to assistance of counsel in collateral post-conviction proceedings did not require the full panoply of protection guaranteed to a first appeal as of right; and 3) the accused is entitled under state law only to an independent review of the record by competent counsel and a concurrence by the court that the appeal is frivolous. This holding, along with the holdings in *Commonwealth v. Turner, infra,* were recently affirmed by our own Court on remand from the United States Supreme Court in *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988).

Following the United States Supreme Court, our Supreme Court, in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), an Opinion by Justice Flaherty, recently stated that *Anders, supra,* and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981) do not apply to collateral appeals. Once counsel determines the appeal is frivolous

and when the PCHA/PCRA court concurs, the petition may proceed pro se or by privately retained counsel or not at all.

Here, the matter considered on direct appeal was the failure of the Commonwealth to produce bed sheets which were evidence in the rape charge of which appellant was convicted. The Superior Court, on direct appeal in an Opinion by then President Judge William F. Cercone, affirmed the judgment of sentence finding sufficient evidence to support the non-jury guilty verdict and determining appellant was not denied any due process rights. *Commonwealth v. Whaley*, 290 Pa.Super. 97, 434 A.2d 147 (1981), allocatur denied. The PCHA claim again involves the unavailability of the bed sheets, and after a full evidentiary hearing, the PCHA court determined the proceeding was without merit as having been finally adjudicated pursuant to 42 Pa.C.S.A. § 9544(a)(2) *When an issue is finally litigated or waived.* Present counsel (not trial counsel or PCHA counsel) agrees and petitions to withdraw.

The issue appellant now seeks to present to this Court has been finally litigated, and in *Commonwealth v. Bobby Joe Lawson*, 519 Pa. 504, 549 A.2d 107 (1988), the Pennsylvania Supreme Court recently closed the door to multiple post-conviction relief appeals. "A repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate." *Id.*, 519 Pa. at 513–514, 549 A.2d 107. While this case is not one of multiple PCHA appeals, the same rationale applies to pursuance of PCHA appeals when the identical issue has been resolved on direct appeal.

For the above stated reasons, in accordance with *Finley, Turner* and *Lawson*, counsel's, George Newman, petition to withdraw is granted and appellant must proceed pro se, with private counsel or not at all.[1]

---

1. Were we to direct the appointment of new counsel, we would, in effect, be finding current counsel to somehow have been ineffective. The new provisions enacted by the General Assembly for the Post Conviction Relief Act, Act of April 13, 1988, 42 Pa.C.S.A. § 9543(a)(2)(ii) provide that a petitioner seeking relief on a claim of ineffective assistance of counsel must plead and prove that counsel's stewardship "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* Such is not the case here.