559 A.2d 953

**COMMONWEALTH of Pennsylvania**

v.

**Jonathan MAPLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 11, 1988.

Decided June 8, 1989.

16

James E. Mugford, Sr., Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and CERCONE and HESTER, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, dismissing without a hearing appellant Jonathan Maple's petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551 (repealed and replaced by the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, effective April 13, 1988). The dismissal was based on a *"Finley* disposition" wherein appointed counsel informed the PCHA court that "after interviewing the defendant and reviewing the record and the applicable law, it was his professional opinion that no issues of arguable merit existed upon which to amend the petition," PCHA Court Opinion at 2, and sought leave to withdraw as counsel for Maple. The PCHA court undertook its own independent review of the record and the applicable law and, finding itself in agreement with counsel, dismissed the petition. Rather than granting counsel's request to withdraw, however, the PCHA court instructed counsel to file an appeal on

Maple's behalf if such was his wish and then to petition for permission to withdraw.

Pursuant to the PCHA court's order, counsel perfected the instant appeal and was permitted to withdraw. The PCHA court then appointed present counsel, James Edward Mugford, Sr., Esquire, to represent Maple on appeal despite its determination that the PCHA petition was frivolous. We now have the appeal and Mr. Mugford's petition for leave to withdraw appearance before us for disposition. In his petition, counsel avers that he has conducted an extensive review of the record and the law not limited to the claims raised in the PCHA petition, that he has corresponded with Mr. Maple as to the matters he wished to raise, and that he is forced to conclude that the appeal is wholly frivolous. As to the appeal, counsel filed an *Anders* brief in which he formulates the issue on appeal to be whether the PCHA court erred in dismissing the pro se petition without a hearing and without allowing an amended petition. In the argument section of the brief he states the claims Maple asserted in his PCHA petition and details, based on his own review of the record and the law, why these issues are without even arguable merit. Counsel served copies of both the petition and the brief on Maple with instructions that if he wished to proceed on his own behalf he should do so as soon as possible by mailing his response to the address given for the Prothonotary of this court. No response has been received from Maple.

Starting with the petition to withdraw, we introduce our discussion with the conclusion that, in light of recent changes in the law governing the withdrawal of counsel from proceedings involving collateral attacks on criminal convictions, the appointment of second counsel after original PCHA counsel has been permitted to withdraw by *Finley* disposition is unnecessary and improper. This holding is based on an analysis of a series of recent cases beginning with the United States Supreme Court's decision in *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), which catalyzed the review of this area

of the law by announcing that there is no federal constitutional right to counsel at any stage of post-conviction proceedings. While *Finley* was pending on remand to this court sitting en banc for a determination of the PCHA petitioner's right to counsel under state law, *Commonwealth v. Perry*, 373 Pa.Super. 422, 541 A.2d 388 (1988), was decided. The panel in *Perry* was faced, as are we, with appellate counsel's petition to withdraw where prior counsel had been relieved by the PCHA court because of the frivolousness of the post-conviction claims for relief. After reviewing the decision in *Pennsylvania v. Finley* and considering the PCHA petitioner's irrefutable right to the initial appointment of counsel, created by Pa.R.Crim.P. 1503, as limited by rule 1504, the panel suggested that it would be futile to require second counsel and this court to conduct an independent review of the record to determine whether the issues are frivolous where the PCHA court and first counsel have each already done such a review and independently concluded that the petitioner has no claims of even arguable merit.

Rather than proscribing the appointment of second counsel, however, the panel instead held that, "where prior counsel has been permitted to withdraw because the case is frivolous, subsequent appellate counsel, if so desired, is not required to utilize any formal procedures in order to withdraw, and does not have to continue representation on appeal [, . . . although] we are not preventing the attorneys from finding and arguing new issues on appeal, if they choose to do so, and thus, the petitioner's rights to counsel are not contravened." *Perry*, 373 Pa.Super. at 427, 541 A.2d at 390. That the panel in *Perry* foresaw the continued appointment of second counsel in cases where first counsel was permitted to withdraw based on frivolousness seems clear, and its decision purports to change the practice in such cases only to the extent that it eliminates any procedural requirements should second counsel also wish to withdraw on that basis. Any other reading would undermine the panel's conclusion that the petitioner's rights to counsel are not contravened in light of the analysis in

*Pennsylvania v. Finley* and the lack of any definitive statement by a Pennsylvania appellate court elucidating the scope of the statutory right to counsel in post-conviction proceedings.[1]

Two and a half months after *Perry* was filed our supreme court, in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), was finally presented with the opportunity to "clarify the appropriate procedures under Pennsylvania law which govern withdrawal of appointed counsel in proceedings under the PCHA," and concluded that "where the PCHA petitioner's right to counsel is established by rule of this Court, Pa.R.Crim.P. 1503, 1504, ... the procedure followed in the *Finley* case accorded the PCHA petitioner all the protections incorporated in the right to appointed counsel in collateral proceedings under the PCHA." *Id.*, 518 Pa. at 494–95, 544 A.2d at 928. The procedure to which the court refers is described in *Commonwealth v. Finley*, 330 Pa.Super. 313, 317–18, 479 A.2d 568, 570 (1984), and can be summarized as follows: counsel presented the PCHA court with a letter explaining the nature and extent of his review, his conclusion that there were no issues to be raised that were of arguable merit, a list of the issues the appellant sought to raise, and an explanation as to why they were without arguable merit; the PCHA court conducted an independent review of the record and reached the same

1. There is language in the *Perry* opinion to the effect that "we are not creating new procedures [here]; rather, we are merely implementing and enforcing the existing Rules of Criminal Procedure with reference to appointment of counsel for representation on frivolous appeals." *Perry, supra,* 373 Pa.Superior Ct. at 428, 541 A.2d at 391. While this might be interpreted as expressing an intent to prohibit the appointment of new counsel after the PCHA court has found the petitioner's claims to be frivolous, the panel cannot have intended such a reading because the rules of criminal procedure make no reference to the appointment of counsel in cases involving frivolous petitions. Although the PCHA itself did provide that "[t]he appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without trace of support in the record," 42 Pa.C.S. § 9551(b), the rules of criminal procedure, which supercede the PCHA, *see* Pa.R.Crim.P. 1507, permit the withholding of the appointment of counsel only when the petition involves issues all of which have been finally determined adversely to the petitioner in counseled proceedings on a prior petition. Pa.R.Crim.P. 1504.

20

conclusion as counsel; counsel was relieved and the PCHA petition was dismissed.

What is important to our immediate discussion, however, is the lesson of *Turner* regarding a petitioner's right to new counsel under Pa.R.Crim.P. 1503 after prior counsel has been permitted to withdraw. While the final act of the PCHA court in *Finley* was the appointment of new counsel to represent Mrs. Finley on appeal, there can be no doubt that the supreme court did not intend this step to be a part of the approved procedure or that it be repeated in subsequent cases. In stating the limited options available to a PCHA petitioner after appointed counsel has been relieved under *Finley*, the court explained that when "counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw *and the petitioner may proceed pro se, or by privately retained counsel, or not at all.*" *Turner*, 518 Pa. at 495, 544 A.2d at 928–29 (emphasis added); *see also Commonwealth v. Finley*, 379 Pa.Super. 390, 394, 550 A.2d 213, 215 (1988) (en banc) ("Once counsel for the petitioner determines that the issues raised under the PCHA are 'meritless,' and the PCHA court concurs, counsel will be permitted to withdraw *and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes.*" (citing *Turner, supra* ) (emphasis added)).

█ We therefore conclude that, when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in *Turner*, new counsel shall not be appointed and the petitioner, or appellant [2], must thereafter look to his or her own resources for whatever further proceedings

2. Recognizing that the initial request to withdraw in PCHA proceedings could just as easily arise on appeal as before the PCHA court, *see Commonwealth v. Rauser*, 367 Pa.Super. 370, 389–91, 532 A.2d 1191, 1201 (1987) (per Cirillo, P.J., and Rowley, J. and McEwen, J. concur in result and dissent) (Rowley, J. dissenting, "Frequently the petition to withdraw is not filed until an appeal has been taken"); *Common-*

there might be. To the extent that *Perry* stands for a contrary result, it must be deemed overruled by *Turner*.

Also overruled by this substantial reshaping of the law surrounding collateral attacks on criminal convictions are the earlier Pennsylvania cases requiring the appointment of counsel for appeals from the denial of relief under the PCHA, as in *Commonwealth v. Thompson*, 431 Pa. 161, 245 A.2d 268 (1968) and *Commonwealth v. Hoffman*, 431 Pa. 160, 245 A.2d 256 (1968), where the statutory right to counsel was read to be equivalent to the federal right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), concerning direct appeals. In *Pennsylvania v. Finley*, the United States Supreme Court rejected the argument that the federal constitution bestows a right to counsel in collateral proceedings, and our own supreme court, in *Turner*, limited the state-created right to counsel to a careful review of the record by competent counsel followed by an independent review by the court and its concurrence that the claims are frivolous. Thus, we hold as we do today despite dictum in *Commonwealth v. Harris*, 381 Pa.Super. 206, 218 n. 6, 553 A.2d 428, 434 n. 6 (1989) suggesting the need to continue to appoint new counsel in such cases until our supreme court has more explicitly addressed its prior decisions or has acted to amend Pa.R.Crim.P. 1503(b).

■ Because Mr. Mugford was appointed before the *Turner* decision proscribing such appointments was filed, we do not hold that the PCHA court acted improperly in making his appointment. However, because his petition to withdraw was not filed until after that decision was announced, we will consider it in light of the standards stated therein. We have already noted that the right to counsel in proceedings under the PCHA is fully vindicated when the petitioner is provided counsel who conducts a complete review of the record and determines that no issues of even

wealth v. Whaley, 380 Pa.Super. 25, 550 A.2d 1345 (1988) (discussed, *infra*, in text), the supreme court directed that "[t]he same procedure should be followed at any stage of the collateral proceedings, whether in a trial or appellate court." *Turner*, 518 Pa. at 495, 544 A.2d at 929.

arguable merit exist, and where the court, after its own review, agrees. It is clear from the averments in counsel's petition that Maple has received all the representation to which he is entitled. Therefore, without conducting yet another review of the record to determine whether we agree with counsel and the PCHA court that the appellant's claims for relief are frivolous, we grant counsel's petition to withdraw.

Concerning the appeal itself, because *Turner* does not require an independent review of the record to determine whether the claims sought to be raised are frivolous, we will treat this appeal as we would any other and limit our review to those issues which have been properly preserved and argued to us. Where, as here, the appeal is supported only by an *Anders* brief, however, the question remains whether the appellant must be afforded the opportunity to file a brief of his own. We necessarily answer in the affirmative because the right to pursue the appeal remains unaffected by *Turner*, even if the right to counsel has been vindicated by a proper withdrawal. *Cf. Commonwealth v. Finley*, 379 Pa.Super. at 393 n. 4, 550 A.2d at 215 n. 4 (the decision to allow withdrawal in the PCHA court is itself reviewable in the appellate court). In *Commonwealth v. Whaley*, 380 Pa.Super. 25, 550 A.2d 1345 (1988), when faced with an original petition to withdraw filed for the first time on appeal, we granted the petition and informed the appellant that if he wished to proceed further with the appeal he must do so pro se or with private counsel. It was only after he failed to take any action within the time afforded him, either by filing a pro se brief or informing us that he intended to retain counsel, that the appeal was dismissed. We are mindful that counsel in *Whaley* was seeking to withdraw from a proper appointment[3] and that it was only after we concurred with second counsel that the appeal was frivolous that the right to

3. While it is true that appellate counsel was appointed in *Whaley* only after PCHA counsel was permitted to withdraw, it is not clear from the *Whaley* opinion that PCHA counsel was relieved based on a *Finley* determination of frivolousness, and we cannot assume that such was

counsel ceased, thus distinguishing *Whaley* from the case where an appellant was not entitled to the appointment from which counsel is relieved. In most instances, however, this will be a distinction without a difference because, whatever the lack of entitlement to counsel, the fact remains that when counsel is appointed the effect is to instill in the mind of the appellant a belief that his interests are being protected without the need for participation on his part. Thus, whenever appellate counsel is permitted to withdraw on the grounds that his appointment was improper under *Turner*,[4] the court must determine whether the appellant has been given the opportunity to proceed on his own behalf.

Our review of the instant record convinces us that, in light of the repeated warnings of counsel to the contrary, a belief that his interests were being protected by counsel could not reasonably have lingered in Mr. Maple's mind. First, at the same time that counsel filed his *Anders* brief with the court he also forwarded a copy to Maple with a cover letter indicating the significance of the conclusions reached in the brief and instructing Maple that if he wished to file a brief of his own he could do so, but that it must be mailed to the address given for the Prothonotary of this court by a stated date. Maple elected to take no action. Thereafter, when counsel filed his petition to withdraw, he again forwarded a copy to Maple with instructions that any objection or response must be mailed to the court as soon as possible. Once more, nothing was received. From his silence we conclude that Mr. Maple is content to have us review his appeal based on what we have before us. *Cf. Craig v. Pennsylvania Board of Probation and Parole*, 93

the case. Even under *Turner*, then, the petitioner's entitlement to counsel continued "until final judgment, including any proceedings upon appeal from a denial of collateral relief," Pa.R.Crim.P. 1503(b), making the appointment of second counsel to pursue the appeal both required and proper.

4. This problem will quickly disappear when it is no longer the practice to appoint new counsel after prior counsel has been permitted to withdraw under *Turner*. We nevertheless can expect to continue to see such petitions during the transition period.

Pa.Comwlth. 586, 502 A.2d 758 (1985) (in considering first petition to withdraw in appeal from parole revocation, if the appellant fails to respond to *Anders* brief within 30 days the court may proceed).

What we have before us is a notice of appeal from the order of the PCHA court dismissing Maple's PCHA petition and counsel's *Anders* brief presenting the single issue whether the PCHA court erred in dismissing the pro se petition without the filing of an amended petition and a hearing thereon. What we do not have is any argument in favor of this issue because the remainder of counsel's brief is dedicated to explaining why the PCHA court did not err inasmuch as there were no possible claims of even arguable merit to be raised. An issue identified on appeal but unsupported by argument in the brief must be deemed to have been abandoned, *Commonwealth v. Jackson*, 494 Pa. 457, 459 n. 1, 431 A.2d 944, 945 n. 1 (1981); *Commonwealth v. Gibbons*, 379 Pa.Super. 285, 295, 549 A.2d 1296, 1301 (1988); Pa.R.A.P. 2119, so, in light of Maple's silence, our only recourse is to affirm the order of the PCHA court.

Based on the foregoing, we grant counsel's petition to withdraw from representation and affirm the PCHA court's order dismissing the PCHA petition without a hearing.

CERCONE, J., concurs in the result.