J-S11043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　：　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　：　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　：
　　　　　　　　v.　　　　　　　　：
　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　：
JOSE ELIA DIAZ,　　　　　　　　　：
　　　　　　　　　　　　　　　　：
　　　　　　　Appellant　　　　　 ：　　　　No. 1465 EDA 2017

Appeal from the PCRA Order April 4, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0002870-2011,
CP-39-CR-0002871-2011

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED MAY 29, 2018**

Jose Elia Diaz ("Diaz"), *pro se*, appeals from the Order denying his first

Motion for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We

affirm.

In a prior appeal, this Court summarized the relevant factual history

underlying the instant appeal as follows:

> On the morning of April 25, 1997, [Diaz], wearing a mask
> and armed with a knife, snuck into the home where his 15-year
> old stepdaughter lived with her aunt, and attacked, bound,
> gagged, and perpetrated two violent rapes on his stepdaughter in
> her upstairs bedroom.
>
> One of the victim's friends entered the bedroom, saw the
> victim bound on the bed, saw and identified [Diaz] as the victim's
> stepfather, screamed, and ran down the stairs.  [Diaz] followed,
> grabbed the friend by the hair, and dragged her back upstairs to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

the victim's room while attempting to stab her with a knife. As [Diaz] chased the friend, the victim freed her hands, pulled down her gag, and retrieved a gun from a drawer in her room. The victim pointed the gun at [Diaz] and yelled at him to release her friend. When the friend was free, the victim instructed her to call 911. The friend ran out of the house and called 911. The victim attempted to shoot [Diaz], but the safety was engaged on the gun. Next, the victim grabbed various household items, including vases and perfume bottles, and threw them at [Diaz], who turned and fled. Before he fled, the victim was able to identify [Diaz] as her stepfather. [Diaz] remained at large until his apprehension in 2011.

On March 5, 2012, [Diaz] pled guilty to rape, burglary, and aggravated assault. Following the preparation of a presentence report and a Megan's Law evaluation, on June 5, 2012, the trial court sentenced [Diaz] to an aggregate term of 25 to 50 years' imprisonment. On June 15, 2012, [Diaz] filed a post-sentence [M]otion for reconsideration of sentence, which the trial court denied on June 25, 2012….

*Commonwealth v. Diaz*, 151 A.3d 1154 (Pa. Super. 2016), unpublished memorandum at 1-3 (footnotes omitted). Ultimately, Diaz was permitted to file a direct appeal, *nunc pro tunc*. This Court affirmed Diaz's judgment of sentence on May 20, 2016. **See id.** Diaz did not petition for allowance of appeal to the Pennsylvania Supreme Court.

In its Opinion, the PCRA court described what next transpired as follows:

[O]n August 23, 2016, [Diaz] filed a Motion for Post Conviction Collateral Relief. On September 19, 2016, [the PCRA court] appointed Sean Poll, Esquire [("Attorney Poll")], to represent [Diaz] on his Motion for Post Conviction Collateral Relief. Later, on October 4, 2016, Attorney Poll authored a "[N]o [M]erit" [L]etter pursuant to the requirements of **Commonwealth v.**

> ***Finley***, 379 Pa. Super. 390, 550 A.2d 213 (1988).[2]  A hearing relative to [Diaz's] [M]otion was conducted before [the PCRA court] on December 5, 2016.  At the evidentiary hearing, [Attorney Poll] represented to [the PCRA court] that after thoroughly reviewing the file, he found no legal basis on which to proceed with [Diaz's] Motion for Post Conviction Collateral Relief.  Therefore, [the PCRA court] permitted Attorney Poll's withdrawal from the matter.  Additionally, [Diaz] indicated his desire to proceed at a later date with his Motion …, and that he would try to retain private counsel.  The hearing was continued to February 22, 2017, and then to April 3, 2017, at the request of [Diaz].  Then, on April 3, 2017, [after a hearing, the PCRA court] denied [Diaz's] Motion for Post Conviction Collateral Relief.  The within appeal followed on May 5, 2017.

PCRA Court Opinion, 5/30/17, at 3 (footnote added).  Thereafter, Diaz, *pro se*, filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Diaz presents the following claims for our review:

   I.    Did the PCRA court err in denying relief[,] finding [that] plea counsel was not ineffective?

   II.   Did the PCRA court err when it failed to address appellate counsel's ineffectiveness?

   III.  Did the PCRA court err when it did not address [Diaz's] claim [that] he was denied due process of law by [Attorney Poll's] ineffective assistance?

   IV.   Did the PCRA court deny [Diaz] due process of law by requiring [Diaz] to represent himself during a hearing on the matter when the PCRA court had full knowledge [that Diaz] is an uneducated, non-English speaking defendant with no knowledge of the legal process?

_____

[2] ***See also Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) (providing the appropriate procedures for the withdrawal of appointed counsel in collateral proceedings).

- 3 -

Brief for Appellant at 5.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted). This Court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth. *Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008).

In his first claim, Diaz argues that his plea counsel rendered ineffective assistance by not preparing for trial or investigating his case. Brief for Appellant at 15. Diaz further argues that his plea counsel did not communicate with him, and failed to give him a copy of materials produced by the Commonwealth during discovery. *Id.* Diaz asserts that if counsel was unable to develop his case because of the 14-year delay, "then counsel should have moved for a dismissal of the charges due to the inordinate delay by the government in executing the warrant when the government was fully aware of [Diaz's] residency [during] the entire fourteen[-]year period." *Id.* Diaz argues that counsel was unable to mount a defense because of the inordinate delay, and points out that he had voluntarily turned himself in to police upon discovering the outstanding warrant for his arrest. *Id.* at 16.

Regarding his claim of an unknowing plea, Diaz contends that his counsel misrepresented to him that Diaz would most likely be sentenced to five years in prison, but no more than eight and one-half years. *Id.* at 15. Diaz argues that no rational person would plead guilty, when the outcome would be the same as going to trial. *Id.* at 18.

In its Opinion, the PCRA court set forth the appropriate law, addressed Diaz's claim, and concluded that it lacks merit. *See* PCRA Court Opinion, 4/4/17, at 5-8. We agree with the sound reasoning of the PCRA court, and affirm on the basis of its Opinion with regard to Diaz's first claim.[3] *See id.*

In his second claim, Diaz argues that the PCRA court erred when it did not address whether his direct appeal counsel rendered ineffective assistance by failing to file a motion to withdraw his guilty plea based upon a claim that the plea was unknowing and involuntary. Brief for Appellant at 21. As set forth above, however, we conclude that Diaz's claim of ineffective assistance of plea counsel, resulting in an unknowing and involuntary plea, lacks merit. Consequently, Diaz's ineffectiveness claim premised upon plea counsel's ineffectiveness lacks merit. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (holding that counsel cannot be deemed ineffective for failing

---

[3] We further point out that, "[u]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).

to raise a claim that lacks merit).  Therefore, we cannot grant Diaz relief on his second claim of error.

In his third claim, Diaz asserts that his direct appeal counsel should have challenged the legality of his sentence based upon the United States Supreme Court's decision in **Alleyne v. United States**, 570 U.S. 99 (2013).  Brief for Appellant at 21-22.  According to Diaz, the United States Supreme Court issued its decision in **Alleyne** while his direct appeal was pending.  **Id.** at 22. Diaz asserts that "[t]he **Alleyne** decision invalidated the mandatory minimum statutes under 42 Pa.C.S.A. § 9700 *et seq.*"  Brief for Appellant at 22.  Diaz argues that, because his sentence was rendered illegal pursuant to **Alleyne**, his direct appeal counsel rendered ineffective assistance by not raising this claim.  **Id.**

Our review of the record discloses that at sentencing, the trial court did not consider or apply any of the mandatory minimum sentencing statutes rendered unconstitutional as a result of the United States Supreme Court's holding in **Alleyne**.  Rather, the trial court chose to sentence Diaz outside of the guidelines ranges, and explained its reasons for doing so on the record. **See** N.T., 6/5/12, at 25-27 (summarizing the facts and heinous nature of the crimes, and stating its reasons for sentencing Diaz outside of the guidelines ranges).  Because Diaz was not sentenced pursuant to a mandatory minimum sentencing statute, he is not entitled to relief on this claim.

In his fourth claim, Diaz argues that the PCRA court denied him due process by forcing him to represent himself at the PCRA hearing. Brief for Appellant at 30. According to Diaz, the PCRA court knew that he is "an uneducated, non-English speaking defendant with no knowledge of the legal process." **Id.** (some capitalization omitted). Diaz asserts that the PCRA court improperly denied him the opportunity to present witnesses and advance his claims of ineffective assistance of counsel. **Id.**

An indigent PCRA petitioner is entitled to the appointment of counsel during litigation of the petitioner's first PCRA petition, including any appeal. **See** Pa.R.Crim.P. 904(C), (F)(2) (explaining that the PCRA court shall appoint counsel to represent an indigent defendant during litigation of the first PCRA petition; the appointment of counsel shall be effective throughout post-conviction collateral proceedings, including any appeal from disposition of petition for post-conviction collateral relief). However, where the court accepts a **Turner**/**Finley** no-merit letter and permits counsel to withdraw, the petitioner is not entitled to the appointment of new PCRA counsel, and he must retain private counsel or proceed *pro se* in future proceedings. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 n.1 (Pa. Super. 2012); **see also Commonwealth v. Maple**, 559 A.2d 953, 958 (Pa. Super. 1989) (stating that where appointed post-conviction counsel has been permitted to withdraw pursuant to **Turner**/**Finley**, the appointment of new counsel is unnecessary and improper).

As set forth above, the PCRA court granted the Petition to withdraw from representation, filed by Diaz's PCRA counsel in accordance with the requirements of **Turner**/**Finley**. The PCRA court granted Diaz continuances from December 5, 2016, to February 22, 2017, and from February 22, 2017, to April 3, 2017, to secure new counsel or proceed *pro se*. On April 3, 2017, when Diaz had not secured new counsel, the PCRA court proceeded to a hearing. N.T., 4/3/17, at 5. At the hearing, Diaz claimed that his plea counsel had represented that Diaz would receive a sentence of no more than eight years and two months. *Id.* at 6. The PCRA court then read to Diaz the transcript from the guilty plea colloquy, wherein Diaz had stated that he understood the maximum sentences that could be imposed, and that the sentences could be imposed consecutively. *Id.* at 7-9. In response, Diaz stated, "I admitted to everything. I admitted to everything…. But they haven't given me the evidence, when I asked for evidence on the table." *Id.* at 9. Diaz offered nothing further that would support his claims for PCRA relief.

Under these circumstances, we discern no error or abuse of discretion by the PCRA court in dismissing Diaz's PCRA Petition. *See Rykard*, 55 A.3d at 1183 n.1. We therefore affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/18