J-S39034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE MCALEER | : | |
| | : | |
| Appellant | : | No. 2381 EDA 2019 |

Appeal from the Order Entered July 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006283-2007

BEFORE:  LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED OCTOBER 19, 2020**

Terrence McAleer (McAleer) appeals from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) denying his application to appeal *nunc pro tunc* from the dismissal of his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we vacate and remand with instructions.

**I.**

In 2008, a jury convicted McAleer of involuntary deviate sexual intercourse, unlawful contact with a minor, aggravated indecent assault, corruption of a minor and endangering the welfare of a child.[1]  The trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123, 6318, 3125 and 6301, respectively.

sentenced him to an aggregate 7 to 14 years' imprisonment with a consecutive 5 years' probation. On appeal, McAleer challenged the discretionary aspects of his sentence, but we affirmed the judgment of sentence due to a defective Pa.R.A.P. 2119(f) statement. **Commonwealth v. McAleer,** 6 A.3d 558 (Pa. Super. 2010) (unpublished memorandum). McAleer filed a PCRA petition and had his direct appellate rights reinstated *nunc pro tunc* after which he filed a timely notice of appeal. On October 1, 2014, we affirmed the judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on April 8, 2015. **Commonwealth v. McAleer**, No. 2261 EDA 2013 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 113 A.3d 279 (Pa. 2015). Because he did not seek *certiorari* in the United States Supreme Court, McAleer's judgment of sentence became final on July 7, 2015.[2]

On February 28, 2016, McAleer filed a *pro se* PCRA petition and was appointed counsel (PCRA counsel).[3] On July 31, 2017, PCRA counsel

---

[2] **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Sup. Ct. R. 13 ("A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed … within 90 days after entry of the order denying discretionary review.").

[3] Because his first PCRA petition resulted in reinstatement of his direct appeal rights, this was McAleer's first PCRA petition for timeliness purposes. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) ("This Court has explained that when a PCRA petitioner's direct appeal rights are

requested to withdraw by submitting a ***Turner/Finely*** "no merit" letter.[4]  On September 20, 2017, the PCRA court sent McAleer notice under Pa.R.Crim.P. 907 that it intended to dismiss his petition without further proceedings because his claims were meritless.  After McAleer filed a *pro se* response, the PCRA court dismissed McAleer's petition on October 20, 2017.  Besides not addressing PCRA counsel's request to withdraw, the court's order did not include any information about McAleer's right to appeal or the time limits for doing so.  Further, the court's order included no indication that it was served on McAleer as required by Pa.R.Crim.P. 907(4), nor did the order's docket entry.  There is no dispute that the order was sent only to PCRA counsel.  No notice of appeal was filed from the final order dismissing McAleer's PCRA petition.

On February 28, 2018, McAleer filed a *pro se* application to reinstate appeal rights *nunc pro tunc*, claiming that he was not timely notified of the dismissal of his PCRA petition.  In his application, McAleer relied on

---

reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.").

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 479 A.2d 568 (Pa. Super. 1988) (*en banc*).  PCRA counsel did not file a separate petition to withdraw, nor did her "no merit" letter include any indication that McAleer was provided a copy of the "no merit" letter or that she had advised him that he had the right to proceed *pro se* or with the assistance of privately retained counsel if the PCRA court granted withdrawal.

Pa.R.Crim.P. 114, which states that "[a] copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented." Pa.R.Crim.P. 114(B)(1). According to McAleer, the PCRA court should have sent him a copy of the final order dismissing his petition, and that the failure to do so deprived him of his right to timely appeal from the dismissal of his PCRA petition.

There were no further developments until October 5, 2018, when PCRA counsel finally filed a motion to withdraw as counsel, which the PCRA court formally granted on February 28, 2019. A few months later, on July 15, 2019, the PCRA court denied McAleer's application to reinstate appeal rights *nunc pro tunc* without hearing. After denial of his application, McAleer filed a timely notice of appeal on August 15, 2019, following which the PCRA court appointed McAleer appellate counsel.[5]

On September 21, 2019, McAleer filed a Pa.R.A.P. 1925(b) statement in which he argued that (1) his application to reinstate appeal rights *nunc pro*

---

[5] It is not clear what prompted the appointment since the PCRA court had permitted McAleer's original counsel to withdraw. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1183 n.1 (Pa. Super. 2012) (noting that once PCRA counsel has been permitted to withdraw pursuant to *Turner/Finley*, new counsel shall not be appointed); *see also Commonwealth v. Maple*, 559 A.2d 953, 956 (Pa. Super. 1989) (stating that where appointed post-conviction counsel has been permitted to withdraw pursuant to *Turner/Finley*, the appointment of new counsel is unnecessary and improper). Nevertheless, the PCRA court has discretion to appoint counsel to represent a PCRA petitioner whenever the interests of justice require it. *See* Pa.R.Crim.P. 904(E).

*tunc* should have been treated as a second PCRA petition, and (2) his application was timely due to "a breakdown in the judicial system pursuant to 42 Pa.C.S. § 9545(b)(1)(i) or abandonment by counsel." In its Pa.R.A.P. 1925(a) opinion, the PCRA court disagreed that it needed to serve McAleer with its final order because PCRA counsel was still entered as counsel at the time of dismissal. Further, the PCRA court faulted McAleer for not informing PCRA counsel that he wanted to appeal after he received the Rule 907 notice. Additionally, even if McAleer's application was treated as a subsequent PCRA petition, the PCRA court concluded that he was unable to satisfy the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(i) because there was no proof that PCRA counsel had abandoned him.

## II.

McAleer contends that his application to reinstate appeal rights *nunc pro tunc* was not time-barred because there was a breakdown in the operation of the judicial system under 42 Pa.C.S. § 9545(b)(1)(i).[6] In support, he

_____

[6] On appeal, both McAleer and the Commonwealth agree that his application to reinstate appeal rights *nunc pro tunc* should have been treated as a second or subsequent PCRA petition. Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1) provides:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

contends that the PCRA court should have, of course, granted PCRA counsel to withdraw when it accepted the **Turner/Finley** "no merit" letter and gave him Rule 907 notice of its intent to dismiss. Because it did not do so, he contends that the effect was to allow PCRA counsel to improperly remain on the docket even though PCRA counsel's request to withdraw was necessarily granted as part of the final order dismissing his petition. This, he contends, is the breakdown of the operation of the court causing him not to receive the final order dismissing his PCRA petition and justifies that he be permitted to file a *nunc pro tunc* appeal. We agree that there was a breakdown in the court's operations, albeit for different reasons.

Pennsylvania Rule of Criminal Procedure 907(4) provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and **shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition** and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4) (emphasis added).

---

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Pursuant to Rule 114, service shall be in writing by "sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of ... confinement." Pa.R.Crim.P. 114(B)(3)(a)(v). Further, an order is properly entered on the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). Finally, Pa.R.A.P. 301 provides that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). An order is properly entered on the docket by complying with Pa.R.Crim.P. 114(C).

Regardless of whether PCRA counsel was granted permission to withdraw, the PCRA court's order dismissing the PCRA petition failed to conform to Pa.R.Crim.P. 907(4). Specifically, the court's order includes nothing about McAleer's right to appeal from the order disposing of his petition or the time limits within which his appeal would need to be filed. Further, even though the certified record confirms that the clerk of courts docketed the October 20, 2017 order dismissing McAleer's petition, the docket entry does not indicate the date of service of the court's order in accordance with Pa.R.Crim.P. 114(C). Moreover, the docket entry does not reveal whether the clerk of courts complied with Pa.R.Crim.P. 114(b), as there is no evidence of any method of service. This being the case, along with there being no dispute

that the court's order was never sent to McAleer, we find that there was a breakdown in the operations of the court that prevented McAleer from timely pursuing an appeal from the order dismissing his first PCRA petition.

Under these circumstances, we vacate the PCRA court's July 15, 2019 order denying McAleer's application to reinstate appeal rights *nunc pro tunc* and remand for further proceedings. On remand, the PCRA court shall reinstate McAleer's right to file a notice of appeal *nunc pro tunc* from its October 20, 2017 order dismissing his first PCRA petition. Accordingly, we vacate and remand with instructions.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/20