J-S40012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN DAVIS | : | |
| | : | |
| Appellant | : | No. 452 EDA 2024 |

Appeal from the PCRA Order Entered January 16, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003203-2020

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED FEBRUARY 5, 2025**

Shawn Davis ("Davis") appeals from the order dismissing his first

petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the relevant factual and procedural history

of this matter as follows:

> On February 10, 2020, [Davis] was arrested following a sting investigation which lured [him] to the home of his co-conspirator.  The co-conspirator told [Davis] that the methamphetamine that she stored for him, was "missing." [Davis] then hurried to the co-conspirator's home to discuss the missing drugs.  The facts and circumstances were also corroborated by an intercepted conversation between [Davis] and [his] co-conspirator in which they discussed stashing the significant amounts of methamphetamine and money at the co-conspirator's home.
>
> Trial in this matter was scheduled multiple times, but postponed.  It was again scheduled for April 4, 2022, but [Davis] failed to appear.  To explain his failure to appear, he submitted a

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

note from a doctor indicating that he was sick and unable to appear. Upon examination of the note and a Zoom conference with [Davis], this court thought [he] "doth protest too much." An investigation was conducted, revealing the note to be a fraud, and a bench warrant was issued for [Davis'] arrest.

[Davis] evaded apprehension until a second sting resulted in his capture. The bondsman, utilizing social media, arranged for a rendezvous between [Davis] and someone he thought wanted to meet him. When [Davis] arrived at the designated location, the agents of the bondsman were there to take him into custody. He was taken into custody on April 30 2022, in New York, and his bail was subsequently revoked at a bench warrant hearing on May 2, 2022.

[Davis], up to this point, was represented by the Office of the Public Defender, but after his return from New York, he filed a motion for withdrawal of counsel. Eventually, he hired private counsel, Richard Coble, Esquire, who entered his appearance on September 30, 2022. [On January 17, 2023, following written and oral plea colloquies, Davis entered a negotiated guilty plea to the charge of possession with intent to deliver methamphetamine (2,228.4 grams/4.9 pounds). The terms of the plea agreement provided that Davis would not serve more than five to ten years in prison. The trial court specifically informed Davis that, pursuant to the terms of the plea agreement, it could impose a sentence of up to five to ten years, but noted that Davis' counsel could argue for a lesser term. Davis indicated that he had no questions about his possible sentence, and court thereafter accepted his plea and ordered a presentence investigation report. On March 14, 2023, the court sentenced Davis to serve five to ten years in prison. Davis filed a post-sentence motion.] Attorney Coble represented [Davis] at the hearings for the guilty plea and sentencing, and also at a post-sentence motion hearing at which he argued that certain mitigating circumstances were not considered. [On June 5, 2023, the trial court entered an order denying Davis' post-sentence motion. Davis did not appeal the judgment of sentence.]

PCRA Court Opinion, 3/28/24, at 3-4 (quotation marks and unnecessary capitalization omitted).

On September 6, 2023, Davis filed the instant timely *pro se* PCRA petition.[2]  Therein, he alleged that: (1) "Attorney . . . Coble told me that I would have to plead guilty or spend 10 years in jail;" (2) "my attorney told Felesha Bailey (my childs [*sic*] mom) that there was a plea deal for 2 years on the table so that she can assist him to convince me to take the plea;" and (3) "my guilty plea was in fact cohered [*sic*] by my attorney on the grounds of ignorance to court procedures and duress from family infirmities."  *Pro Se PCRA Petition*, 9/6/23, at 4 (unnecessary capitalization omitted).  The PCRA court appointed Sean Poll, Esquire ("Attorney Poll") to represent Davis and permitted Attorney Poll ninety days in which to file an amended petition.  In lieu of filing an amended petition, Attorney Poll filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).[3]  On December 8, 2023, the PCRA court issued notice of its intent

---

[2] Davis had thirty days from the entry of the trial court's order denying his post-sentence motion, until July 5, 2023, in which to file a direct appeal. **See** Pa.R.A.P. 903(a).  As Davis did not file a direct appeal, his judgment of sentence became final when the period in which to file such an appeal expired. **See** 42 Pa.C.S.A. § 9545(b)(3).  Davis then had one year from that date, until July 5, 2024, in which to file a timely PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the date the judgment of sentence becomes final).  Thus, the instant petition, filed on September 6, 2023, is timely.

[3] Notably, in the "no-merit" letter, Attorney Poll explained that the plea hearing transcript confirms that the offer from the Commonwealth was that, in exchange for Davis' guilty plea, he would receive a sentenced capped at the

*(Footnote Continued Next Page)*

to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.[4]

Therein, the PCRA court indicated the various bases upon which it intended to

dismiss the petition. **See** Rule 907 Notice, 12/8/23, at n.3. In response to

the Rule 907 notice, on December 19, 2023, Davis filed a petition for an order

directing Attorney Poll to file an amended PCRA petition. The PCRA court then

sent a courtesy letter to Davis in which it pointed out that the Rule 907 notice

provided Davis twenty days to respond, and that Davis had not responded to

the notice. **See** PCRA Court Letter, 12/27/23, at 1.[5] The letter additionally

enclosed a copy of Attorney Poll's "no-merit" letter, which the court noted had

---

bottom of the statutory maximum of sixty to 120 months in prison, and the trial court specifically explained to Davis that he could receive a sentence of five to ten years in prison. **See** "No-Merit" Letter, 12/1/23, at unnumbered 3. Attorney Poll further noted that, although Davis provided a telephone number for Ms. Bailey, no one ever picked up when he called that number, and no one ever returned his call. **See id**. Attorney Poll also indicated that he spoke with Attorney Coble, who explained that Davis decided to accept the plea offer in exchange for the Commonwealth's agreement to dismiss the additional charges and penalties that Davis was facing as a result of the forged doctor's note he submitted to the trial court judge while he absconded from justice. **See id**. Finally, Attorney Poll indicated that Attorney Coble stated that, although he and Davis had discussed filing a motion to suppress and interviewing Davis' co-conspirator, they ultimately decided not to do so and to accept the plea offer. **See id**. at 4.

[4] The PCRA court docket reflects that the Rule 907 notice was sent to Davis via certified mail on December 8, 2023. A handwritten notation on the order additionally indicates that a copy of the order was sent to Davis on that date at his prison address via certified mail. The record also contains the certified mail return receipt for this correspondence.

[5] In its December 27, 2023 letter, the PCRA court stated "[i]f you need additional time to properly respond, please file an appropriate request." PCRA Court Letter, 12/27/23, at 1.

been "forwarded to [Davis] on December 1, 2023."[6] *Id*. In response to the PCRA court's December 27, 2023 letter, Davis filed a motion on January 2, 2024, to remove Attorney Poll and to appoint replacement counsel. On January 16, 2024, the PCRA court entered an order granting Attorney Poll's motion to withdraw and dismissing the petition. Davis filed a timely *pro se* notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Davis raises the following issues for our review:

1. Did the trial [*sic*] judge error [*sic*] in dismissing [Davis' petition] without having time to respond to the notice dated December 27, 2023.

2. Did the court erred [*sic*] and abused it's [*sic*] discretion by not appointing new [PCRA] counsel when [PCRA] counsel did not even look at all issue's [*sic*] of ineffectiveness of trial counsel. Specifically[,] that trial counsel did not tell [Davis] he could be deported.

Davis' Brief at 9 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the

---

[6] Attorney Poll addressed the "no-merit" letter to Davis, himself, and the letter indicates that Attorney Poll sent both the "no-merit" letter and the motion to withdraw to Davis at his prison address via first class mail on December 1, 2023. *See* "No-Merit" Letter, 12/1/23, at unnumbered 1, 4.

record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Davis contends that he was not permitted an opportunity to respond to the PCRA court's Rule 907 notice. When a PCRA court concludes that a petition should be dismissed without a hearing, it is required under Rule 907 to "give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1). The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012). The ultimate goal of a Rule 907 notice is to permit merits review by the PCRA court of potentially arguable claims. *See id*. Although the petitioner is not required to respond to the Rule 907 notice, the filing of a response is an opportunity for a petitioner to object to the dismissal and alert the PCRA court of a perceived error. *See id*.; *see also* Pa.R.Crim.P. 907(1) (providing that "[t]he defendant may respond to the proposed dismissal within 20 days of the date of the notice"). Upon the expiration of the twenty-day period, "[t]he judge thereafter shall order the petition

- 6 -

dismissed, grant leave to file an amended petition, or direct that the proceedings continue." ***Id***.

Davis asserts that, on December 19, 2023, he "responded to the [Rule] 907 notice" by explaining to the PCRA court that, because Attorney Poll had not raised issues on Davis' behalf, he needed a new attorney. Davis' Brief at 11. Davis claims that the judge responded by letter dated December 27, 2023, "telling [Davis] that if he needed more time to [respond], to make a request." ***Id***. Davis claims that he did not receive the PCRA court's December 27, 2023 letter until January 20, 2024. ***See id***. Davis further claims that he "responded to this letter at first opportunity asking for more time to properly respond." ***Id***. Davis asserts that the PCRA court dismissed his petition before he received the December 27, 2023 letter. Davis requests that this Court remand this matter to the PCRA court so that he may show cause why his petition should not be dismissed.

Based on our review, we conclude that Davis was permitted an opportunity to respond to the PCRA court's Rule 907 notice. Davis appears to conflate the actual Rule 907 notice of the court's intent to dismiss the petition without a hearing, which was entered on December 8, 2023, with the PCRA court's subsequent courtesy letter sent to Davis on December 27, 2023, which merely pointed out that Davis had failed to timely respond to the Rule 907 notice.

Davis concedes that he received the PCRA court's Rule 907 notice, which was sent to him via certified mail on December 8, 2023, and which detailed the reasons why the court intended to dismiss the petition. **See** Davis' Brief at 7, 11. The Rule 907 notice clearly explained to Davis that he had twenty days in which to respond to the notice, or until December 28, 2023. **See** Rule 907 Notice, 12/8/23, at 1. Davis opted not to seek leave to amend his petition to correct any material defects, or to otherwise provide the PCRA court with any argument as to why the petition should not be dismissed. Instead, on December 19, 2023, Davis opted to "respond[] to the [Rule] 907 notice" by filing a petition for an order directing Attorney Poll to file an amended PCRA petition. Davis' Brief at 11.

Additionally, Davis represented to the PCRA court that he received the "no-merit" letter on December 19, 2023. **See** Motion for Appointment of New Counsel, 1/2/24, at 1. In the "no-merit" letter, Attorney Poll explained the various reasons why he concluded that the claims Davis wished to raise lacked merit, and advised Davis that he could either proceed *pro se* or hire private counsel. **See** "No-Merit" Letter, 12/1/23, at unnumbered 4. However, Davis opted not to respond to the "no-merit" letter. Instead, on January 2, 2024,

Davis simply filed a request that the PCRA court appoint replacement PCRA counsel.[7]

Finally, although Davis indicates that he "responded to [the PCRA court's December 27, 2023] letter at first opportunity asking for more time to properly respond," *see* Davis' Brief at 11, Davis does not provide the date on which he purportedly sent such correspondence to the PCRA court, or provide a copy of such correspondence.[8]  Notably, the certified record includes no such request, nor is any such request indicated on the PCRA court docket.[9]

In sum, the record reflects, and Davis concedes, that he received both the "no-merit" letter and the Rule 907 notice on or before December 19, 2023.

_____

[7] While this Court acknowledges the "Inmate Correspondence History" provided by Davis in an effort to support his claim that he did not receive the PCRA court's December 27, 2023 letter until January 20, 2024, we deem the date that Davis received such courtesy correspondence to be largely inconsequential, given that he conceded his earlier receipt of both the "no-merit" letter and the Rule 907 notice.  Moreover, the document provided by Davis merely provides dates in late 2023 and throughout 2024 in which he received correspondence but does not identify any piece of correspondence.

[8] We note that, in his concise statement, Davis claimed that he sent a request for more time to the PCRA court on January 24, 2023.  *See* Concise Statement, 2/27/24, at 1.

[9] Even if Davis could establish that he asked the PCRA court for additional time to respond to the Rule 907 notice such that a procedural defect occurred, no relief would be due because Davis has not explained what arguments he would have raised in response to the Rule 907 notice that would have resulted in the court not dismissing his petition without a hearing.  *See Commonwealth v. Pridgen*, 305 A.3d 97, 102 (Pa. Super. 2023) (holding that, if the petitioner cannot establish that he was prejudiced by the defective procedure, no relief is warranted).

Davis therefore had ample time to appropriately respond to both filings prior to the entry of the January 16, 2024 order dismissing the petition. He simply opted not to do so. His belated realization on appeal that he should have done so is not a basis for remand. Thus, Davis' first issue warrants no relief.

In his second issue, Davis contends that the PCRA court erred and abused its discretion by not appointing new PCRA counsel to replace Attorney Poll. Pursuant to our Rules of Criminal Procedure, an indigent PCRA petitioner has a rule-based right to the appointment of counsel for his first PCRA petition and, generally, this right to representation includes an appeal from the disposition of that first PCRA petition. *See* Pa.R.Crim.P. 904(C) (stating that, "when an unrepresented defendant satisfies the [trial court] that the defendant is unable to afford or otherwise procure counsel, the [trial court] shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"); *see also* Pa.R.Crim.P. 904(F)(2) (stating that, when counsel is appointed, "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief").

This Court has long-held, however, that:

> when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in [*Turner*, *supra*, and *Finley*, *supra*,] new counsel **shall not be appointed** and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.

- 10 -

*Commonwealth v. Maple*, 559 A.2d 953, 956 (Pa. Super. 1989) (emphasis added).[10]

Davis contends that he made numerous attempts to contact Attorney Poll "with no results." Davis' Brief at 13. According to Davis, he "enlisted the help of his family to try and contact Attorney Poll, making phone calls and leaving messages to no avail." *Id*. Davis indicates that he "then sent a letter to the [PCRA] court dated December 08, 2023 informing the court he had important new information for his attorney and could not get ahold of him and asked for new counsel." *Id*.[11]

---

[10] This Court's reliance on the rule set forth in *Maple* was called into question by our Supreme Court in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), wherein the High Court held that a PCRA petitioner is permitted to raise claims of ineffective assistance of PCRA counsel at the first opportunity, even if that opportunity is the appeal of the PCRA court order denying the petition. *See Bradley*, 261 A.3d at 405. In so holding, the *Bradley* Court recognized that its holding—permitting an appellant to raise ineffective assistance of PCRA counsel claims on appeal—left open the question of whether an appellant has a right to the appointment of new PCRA counsel on appeal when the PCRA court accepted original PCRA counsel's *Turner/Finley* "no-merit" letter, permitted original PCRA counsel to withdraw, and, ultimately, dismissed Appellant s first PCRA petition. *See Bradley*, 261 A.3d at 401 n.16. Nevertheless, because the procedural posture of *Bradley* did not involve "the distinct *Turner/Finley* scenario," the *Bradley* Court "saved resolution of this question . . . for another day." *Id*. Accordingly, the rule set forth in *Maple* remains intact.

[11] Davis additionally asserts that, "had the [PCRA court] appointed new counsel or directed [Attorney Poll] to communicate with him, the issue of citizenship/deportation would have been addressed." Davis' Brief at 13. Davis requests that this Court remand for the PCRA court to either appoint new counsel or direct Attorney Poll to investigate Davis' claim that Attorney Coble
*(Footnote Continued Next Page)*

Based on our review, we conclude that Davis was not entitled to replacement PCRA counsel. The PCRA court appointed Attorney Poll to represent Davis in connection with his first PCRA petition pursuant to Rule 904(C). Davis' rule-based right to court-appointed counsel was fully vindicated by Attorney Poll's review of the record and professional evaluation of the claims Davis wished to raise before the PCRA court. As the PCRA court agreed with the reasoning provided by Attorney Poll in his "no-merit" letter as to why the claims Davis wished to raise lacked merit, Davis was not entitled to the appointment of new PCRA counsel. *See Maple*, 559 A.2d at 957 (holding that the right to counsel in proceedings under the PCRA is fully vindicated when the petitioner is provided counsel who conducts a complete review of the record and determines that no issues of even arguable merit exist, and where the court, after its own review, agrees). Accordingly, as the record before us demonstrates that Davis has received all the rule-based

_____

failed to advise Davis of deportation by entering a guilty plea. *Id*. We note that this issue was not raised in Davis' *pro se* petition, nor discussed as an issue that Davis wished to raise in the "no-merit" letter prepared by Attorney Poll. Although Davis suggests that this was the "new information" that he wished to discuss with Attorney Poll after he had filed his "no-merit" letter, this issue was not raised in any correspondence that Davis sent to the PCRA court, including Davis' December 8, 2023 filing (entered December 19, 2023). Thus, we deem any claim that the PCRA court should have appointed replacement counsel based on citizenship/deportation waived. *See* Pa.R.A.P. 302 (a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

representation to which he is entitled and that he was not entitled to replacement PCRA counsel, his second issue merits no relief.[12]

Having found no merit to Davis' issues, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/05/2025

_____

[12] This Court is mindful that, pursuant to **Bradley**, a first-time PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. **See Bradley**, 261 A.3d at 401. However, our review of Davis' brief does not indicate an intent on his part to raise an ineffectiveness claim in relation to Attorney Poll. No such claim is identified in his statement of questions involved. **See** Pa.R.A.P. 2116(a) (providing that the statement of questions involved must state concisely the issues to be resolved and, further, that "no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Nor is any such claim discussed or appropriately developed in the argument section of Davis' brief. **See** Pa.R.A.P. 2119(a) (providing that the argument section of the brief shall separately address the questions raised with "such discussion and citation of authorities as are deemed pertinent").