J-S35012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LEEON ANTONIO FRASIER | : | |
| Appellant | : | No. 885 MDA 2021 |

Appeal from the PCRA Order Entered June 23, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005489-2018

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED: FEBRUARY 8, 2022**

Appellant, Leeon Antonio Frasier, appeals *pro se* from the June 23, 2021

order dismissing his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On August 3, 2021, this Court filed a *per curiam* order directing Appellant to show cause why his "appeal should not be quashed as having been taken from a purported order which was not entered upon the appropriate docket of the [trial] court."  **See** *Per Curiam* Order, 8/3/21 (citing Pa.R.A.P. 301(a), which states "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court").  In an August 23, 2021 *per curiam* order, this Court discharged the rule to show cause order and referred the matter to the panel.  On August 30, 2021, Appellant filed *pro se* a response to the rule to show cause order stating that he inadvertently failed to state the date of the order dismissing his PCRA petition in the notice of appeal because, *inter alia*, he is acting *pro se*.  **See** Appellant's Response, 8/30/21.

A review of Appellant's notice of appeal demonstrates that he is appealing the trial court order dismissing his "PCRA [p]etition filed on March 18, 2021."  **See**

The PCRA court summarized the procedural history as follows:

Following a non-jury trial held on April 22, 2019, [the trial] court found [Appellant] guilty at count 1 - aggravated assault, count 2 - unlawful taking, and count 3 - strangulation.[2]  At count 1, Appellant was sentenced to [54 to 108 months'] incarceration[.]  At count 2, Appellant was sentenced to 12 to 24 months[' incarceration set to run] concurrently with [the sentence imposed at] count 1.  At count 3, Appellant was sentenced to 54 to 108 months[' incarceration set to run] concurrently with [the sentence imposed at] count 1.  Appellant's aggregate sentence was 54 to 108 months['] incarceration.  A timely post-sentence motion was filed on April 30, 2019[,] and the Commonwealth filed a response on August 2, 2019.  Appellant's post-sentence motion was denied on August 22, 2019.

PCRA Court Order, 5/24/21, at 1-2 (extraneous capitalization and original footnotes omitted).  On September 3, 2019, Appellant filed a direct appeal

---

Notice of Appeal, 7/2/21.  A review of the trial court docket sheet attached to Appellant's notice of appeal demonstrates that the trial court order dismissing his PCRA petition was filed on June 23, 2021.  Although Appellant failed to comply with the portion of Rule 904(d) requiring the notice of appeal to include a statement that the order appealed from has been entered on the docket, Appellant did comply with the portion of Rule 904(d) requiring that a copy of the trial court docket confirming entry of the challenged order be attached to the notice of appeal.  *See* Pa.R.A.P. 904(d) (stating, "The notice of appeal shall include a statement that the order appealed from has been entered on the docket.  A copy of the docket entry showing the entry of the order appealed from shall be attached to the notice of appeal.").

When Appellant's *pro se* notice of appeal is read in conjunction with the attached trial court docket, we find that Appellant sufficiently demonstrated that the order appealed from was entered on the trial court docket.  **See Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) (acknowledging that, "courts may liberally construe materials filed by a *pro se* litigant"), *cert. denied*, 576 U.S. 1009 (2015).

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 3921, and 2718(a)(1), respectively.

challenging his judgment of sentence. On March 27, 2020, this Court vacated Appellant's judgment of sentence, in part, as to his conviction for unlawful taking and affirmed his judgment of sentence, in part, as to the remaining two convictions.[3] **Commonwealth v. Frazier**, 2020 WL 1490937, at *1 (Pa. Super. Filed March 27, 2020) (unpublished memorandum). On August 19, 2020, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Frasier**, 237 A.3d 984 (Pa. 2020). Appellant did not seek discretionary review with the Supreme Court of the United States. As such, Appellant's judgment of sentence became final on November 17, 2020, upon expiration of the 90-day period in which to file a *writ* of *certiorari*. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"); **see also** U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review").

---

[3] In light of its disposition, this Court did not remand the case to the trial court for resentencing because "the [t]heft sentence was imposed to run concurrently with the sentence for [a]ggravated [a]ssault. Hence, vacating the judgment of sentence for [t]heft does not affect the overall sentencing scheme." **Frasier**, 2020 WL 1490937, at *5.

On March 18, 2021, Appellant filed *pro se* the instant PCRA petition, his first. On March 23, 2021, the PCRA court appointed Kristen Weisenberger, Esquire ("Attorney Weisenberger") to represent Appellant. On May 14, 2021, Attorney Weisenberger filed a motion to withdraw as counsel that contained averments constituting a **Turner**/**Finley** "no-merit" letter.[4] Motion to Withdraw, 5/14/21. Attached as an exhibit to Attorney Weisenberger's motion to withdraw was a letter directed to Appellant setting forth the issues for which Appellant requested review, counsel's determination, after review of those issues, that Appellant's claims were without merit, and explaining, in summary form, the reasons why the claims were without merit. **Id.** at Exhibit A. The letter stated that a copy of the motion to withdraw, which included averments constituting a **Turner**/**Finley** "no-merit" letter, was enclosed. **Id.** Attorney Weisenberger also advised Appellant that he could proceed *pro se* or retain private counsel. **Id.** On May 17, 2021, Appellant filed *pro se* a copy of a letter directed to Attorney Weisenberger requesting that Attorney Weisenberger file

---

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998). The averments contained within Attorney Weisenberger's motion to withdraw detailed "the nature and extent of counsel's diligent review of the case, list[ed] the issues which the petitioner wants to have reviewed, explain[ed] why and how those issues lack merit, and request[ed] permission to withdraw." **See** Motion to Withdraw, 5/14/21, at ¶¶16-44. Ultimately, Attorney Weisenberger determined that Appellant's claims were without merit. **Id.** at ¶15. Although a **Turner**/**Finley** "no-merit" letter is typically a separate document directed to the PCRA court's attention, the PCRA court determined that Attorney Weisenberger's inclusion of the "no-merit" letter within the motion to withdraw met the requirements of **Turner**, **supra**, and **Finley**, **supra**.

an amended PCRA petition raising claims, as set forth in the letter, that were in addition to those already raised in Appellant's *pro se* PCRA petition. In his letter, which was dated May 12, 2021, and filed May 17, 2021, Appellant did not acknowledge receipt of Attorney Weisenberger's prior correspondence to him, including the motion to withdraw.

Satisfied that Attorney Weisenberger fulfilled the requirements of **Turner**, **supra**, and **Finley**, **supra**, the PCRA court granted Attorney Weisenberger's motion to withdraw and provided Appellant notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's petition within 30 days. PCRA Court Order, 5/24/21. On June 16, 2021, Appellant filed *pro se* his objection to Attorney Weisenberger's motion to withdraw. **See** Appellant's Objection to PCRA Counsel's **Turner**/**Finley** Letter, 6/16/21. As part of his objection, Appellant stated that Attorney Weisenberger abandoned him and he requested the appointment of new counsel. **Id.** at 6. On June 23, 2021, the PCRA court dismissed Appellant's petition. This *pro se* appeal followed.[5]

Appellant raises, *pro se*, the following issues for our review:

1.  Did the PCRA court err in failing to consider Appellant's *pro se* [] objection to PCRA counsel's [**Turner**/**Finley** "no-merit" letter] concerning Appellant's ineffective assistance of trial counsel claim where trial counsel failed to request recusal of [the trial court] where the ruling of the [trial] court appeared to be bias[?]

2.  Did the PCRA court err in failing to consider [Appellant's] *pro se* [] objection to PCRA counsel's [**Turner**/**Finley**

_____

[5] Both Appellant, *pro se*, and the PCRA court complied with Pa.R.A.P. 1925.

- 5 -

"no-merit" letter] concerning [the] trial court's abuse of [discretion] where the trial court failed to recuse itself [when] there was [a foreseeable] conflict of interest[?]

3. Did the PCRA court err in failing to consider Appellant's *pro se* [] objection to PCRA counsel's [***Turner***/***Finley*** "no-merit" letter] concerning due process violation(s) where trial counsel failed to file [a] pre[-]trial motion[] to obtain vital information concerning the victim's drug abuse and mental health to mount a proper defense[?]

Appellant's Brief at 2 (extraneous capitalization omitted).[6]

_____

[6] We note that an indigent PCRA petitioner has a rule-based right to the appointment of counsel for his first PCRA petition and, generally, this right to representation includes an appeal from the disposition of that first PCRA petition. **See** Pa.R.Crim.P. 904(C) (stating that, "when an unrepresented defendant satisfies the [trial court] that the defendant is unable to afford or otherwise procure counsel, the [trial court] shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"); **see also** Pa.R.Crim.P. 904(F)(2) (stating that, when counsel is appointed, "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief"). This Court has long-held, however, that,

when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in [***Turner***, ***supra***, and ***Finley***, ***supra***,] new counsel **shall not be appointed** and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.

***Commonwealth v. Maple***, 559 A.2d 953, 956 (Pa. Super. 1989) (emphasis added). Our continued reliance on the rule set forth in ***Maple***, ***supra***, has recently been called into question by our Supreme Court in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). The ***Bradley*** Court, overruling prior case law, held that a PCRA petitioner is permitted to raise claims of ineffective assistance of PCRA counsel at the first opportunity, even if that opportunity is

In addressing Appellant's issues, we are mindful of our well-settled standard and scope of review of a PCRA court's dismissal of a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

_____

the appeal of the PCRA court order denying the petition. *Bradley*, 261 A.3d at 405. In so holding, the *Bradley* Court recognized that its holding - permitting an appellant to raise ineffective assistance of PCRA counsel claims on appeal - leaves open the question of whether an appellant has a right to the appointment of new PCRA counsel on appeal when the PCRA court accepted original PCRA counsel's *Turner*/*Finley* "no-merit" letter, permitted original PCRA counsel to withdraw, and, ultimately, dismissed Appellant's first PCRA petition. *Bradley*, 261 A.3d at 401 n.16. Because the procedural posture of *Bradley*, *supra*, did not involve "the distinct *Turner*/*Finley* scenario," the *Bradley* Court "saved resolution of this question . . . for another day." *Id.* Thus, the rule set forth in *Maple*, *supra*, remains intact, and, in the case *sub judice*, Appellant was not entitled to the appointment of new PCRA counsel. *Maple*, 559 A.2d at 956.

Appellant's claims on appeal allege that the PCRA court erred in failing to consider his objections to Attorney Weisenberger's **Turner**/**Finley** "no-merit" letter. These claims rest on Appellant's contention that trial counsel was ineffective in failing to request recusal of the trial court and in failing to file a pre-trial motion seeking discovery of the victim's purported drug abuse and mental health history.[7] Appellant's Brief at 5-9.

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

---

[7] We recognize that Appellant's second issue – the failure of the trial court to recuse itself from Appellant's case – does not raise a claim of ineffective assistance of counsel. Moreover, a review of Appellant's brief demonstrates that he abandoned this issue on appeal for failure to set forth an argument with citation to appropriate legal authority. **See** Pa.R.A.P. 2119(a) (requiring the argument section of an appellate brief to be divided into any may parts as there are questions to be argued with "such discussion and citation of authorities as are deemed pertinent"); **see also Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012) (reiterating that failure to develop argument with citation to appropriate legal authority may constitute waiver of issue), *appeal denied*, 69 A.3d 601 (Pa. 2013). Nonetheless, when read in conjunction with Appellant's first issue – a failure of trial counsel to request recusal of the trial court – we find that the first and second issue are sufficiently interrelated such that we will address both within the context of an ineffectiveness claim.

*Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021) (citations and quotation marks omitted). "Arguable merit exists when the factual statements are accurate and could establish cause for relief." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citation and original quotation marks omitted), *appeal denied*, 128 A.3d 1204 (Pa. 2015), *cert. denied*, 578 U.S. 1014 (2016).

Here, Appellant baldly asserts that, prior to his prosecution for the underlying offenses, the trial court presided over a judicial matter involving the victim in the case *sub judice* and that the trial court's "familiarity" with the victim "gave a semblance of impropriety." Appellant's Brief at 5-6. Appellant argues that because the trial court was "familiar" with the victim, the trial court was unable to adjudicate Appellant's matter in a fair and impartial manner. *Id.* at 6. In turn, Appellant asserts that "trial counsel was ineffective for failing to request recusal of [the trial court] where the [non-jury verdict convicting Appellant of the aforementioned crimes] appeared to be bias." *Id.* at 5.

The PCRA court found that Appellant's claim of ineffective assistance of counsel for failure to request recusal of the trial court lacked arguable merit because the underlying claim asserting grounds for the trial court's recusal was meritless. PCRA Court Memorandum Order, 7/22/21, at 3. In so finding, the PCRA court explained,

> [Appellant] contends that [the trial] court should have recused
> itself because it sentenced the victim [in a prior unrelated matter].
> As a way ·of background, and adequately set forth by PCRA

counsel, on August 8, 2019, the victim entered a plea of guilty to possession of drug paraphernalia [in magisterial district court] and was sentenced to pay fines and costs within 30 days. Upon failure to do so, her case was sent to [the Court of Common Pleas of Dauphin County] for supervision and collection. On January 22, 2019, the victim appeared before [the trial] court and was sentenced to serve 3 to 12 months[' incarceration] in [the] Dauphin County Prison. On March 11, 2019, [the] Dauphin County adult probation [office] issued a second detainer against the victim. On April 16, 2019, the victim appeared before [the trial] court and was sentenced to serve 6 to 12 months[' incarceration] in [the] Dauphin County Prison.

. . . There was no bias by [the trial] court merely because it sentenced the victim in a revocation proceeding. There is no evidence to suggest that [the trial] court was incapable of being fair and impartial. Thus, this allegation is without merit.

*Id.* (extraneous capitalization omitted).

"[A] party must seek recusal of a jurist at the earliest possible moment, *i.e.*, when the party knows of the facts that form the basis for a motion to recuse[, otherwise,] the party's recusal issue is time-barred and waived." *Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017). An appellate court reviews the denial of a motion to recuse for abuse of discretion. *Id.* at 389. Courts have long-held that "[t]he charge of disqualification is serious, and should not be made lightly or frivolously." *In re Crawford's Estate*, 160 A. 585, 587 (Pa. 1931). "[A] party seeking to compel a judge's disqualification must produce evidence establishing bias, prejudice[,] or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." *Commonwealth v. Bonds*, 890 A.2d 414, 419 (Pa. Super. 2005) (citation and original quotation marks omitted) (recognizing that our jurists are

presumed "honorable, fair[,] and competent"), *appeal denied*, 906 A.2d 537 (Pa. 2006).

A review of the record demonstrates that Appellant, following a colloquy by the trial court, waived his right to a trial by jury. N.T., 4/22/19, at 5-7. Appellant makes only bald assertions that because the trial court had prior interaction with the victim as a defendant in an unrelated criminal matter, this prior interaction caused the trial court to exhibit bias and impartiality towards Appellant. We are unconvinced that Appellant's bald assertions and conjecture give rise to evidence establishing substantial doubt in the trial court's ability to preside impartially. If individuals are regular participants in the criminal justice system, it is perceivable that jurists would be "familiar" with those individuals. This "familiarity" does not, without more, give rise to reasons to compel the recusal of the trial court. *See*, *e.g.*, *Commonwealth v. Perry*, 364 A.2d 312, 318 (Pa. 1976) (stating, "the acquaintance between a judge and a victim of a crime, is not, in itself, sufficient to require the trial judge to recuse"). As such, we find that the underlying issue surrounding the necessity of the trial court to recuse itself from Appellant's case to be without arguable merit. As Appellant failed to demonstrate arguable merit in the underlying claim, he cannot demonstrate arguable merit in his ineffectiveness claim based upon the recusal issue. Therefore, we discern no abuse of discretion or error of law in the PCRA court's determination that Appellant is not entitled to collateral relief based upon the claim that trial counsel was ineffective for failing to request recusal of the trial court.

In his final issue, Appellant contends that trial counsel was ineffective in failing to file a pre-trial motion to obtain records of the victim's purported prior drug abuse and mental health issues. Appellant's Brief at 6-8. Appellant asserts that his due process rights were violated because trial counsel failed to obtain the victim's records. *Id.* at 8. In particular, Appellant contends that "had it been made known to Appellant about the history of the victim" then "he would have accepted the plea bargain." *Id.*

When a PCRA petition seeks collateral relief on the basis that ineffective assistance of counsel caused the petitioner to reject a guilty plea, the petitioner must demonstrate that

> [b]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the [trial] court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the [trial] court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015) (citation and original brackets omitted), *appeal denied*, 140 A.3d 13 (Pa. 2016).

Here, a review of the record demonstrates that Appellant testified at trial that, prior to the altercation between he and the victim, which led to the aforementioned charges, he had concerns that the victim was using drugs. N.T., 4/22/19, at 73. As such, prior to the incident, Appellant was aware of the victim's drug abuse. Not only was Appellant aware of the victim's drug use at the time of trial, it is unclear from a review of Appellant's argument set

forth in his appellate brief how or why confirmation of supposedly exculpatory information such as the victim's purported drug abuse and mental health issues would have caused Appellant to plead guilty and elect not to proceed with trial. Therefore, Appellant's ineffectiveness claim is without arguable merit since he failed to demonstrate how knowledge of the relevant information would have caused him to accept the plea offer. Consequently, we discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's petition on this ground.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/08/2022